### Samuel C. Loud & others *vs.* Samuel Hall.

A general usage of a seaport, that if the seller of a ship there accepts the services of a broker who introduces him to and brings him into negotiation with the ultimate buyer, and who is ready to continue his services until a sale is effected, he shall pay the broker a commission, whether or not the sale is completed through his agency, is a reasonable usage, and binds such a seller, notwithstanding his residence elsewhere and ignorance of the usage.

In an action by a broker on an account annexed for commissions for services rendered to the defendant in a sale of his ship, the answer was a general denial. The plaintiff sought to recover, at the trial, under a usage which rendered proof that he introduced the defendant to the buyer, and brought them into negotiation, essential to a recovery. *Held,* that the defendant had good ground of exception to the exclusion of evidence, offered by him upon this issue, that his first introduction to the buyer, with a view to the sale, was by a person other than the plaintiff; whether or not the plaintiff was aware of the fact thus offered to be proved, at the time of his subsequent introduction of them.

CONTRACT upon an account annexed, charging the defendant with "commissions for services in sale of ship Highlander, one and one quarter per cent. on $100,000." Answer, a general denial. Trial in the superior court, before *Pitman*, J., without a jury, who made a report thereof which referred to the pleadings and continued thus:

"The facts I find as follows: The plaintiffs were a firm of ship-brokers in the city of New York, in 1869. In the early part of that year the defendant was introduced to one of the plaintiffs at their office, as a person who might be useful to him in the sale of the ship Highlander, which the defendant owned. The defendant testified that he did not know, at the time of his introduction to said member of the plaintiff firm, that he was a broker, or that he was employing any of the firm as brokers. Whether this was so or not, the court held to be immaterial. It did appear, however, and the court finds as a fact, that the defendant accepted the services of the plaintiffs for the sale of the ship, and continued to receive and accept such services after he was aware of the fact that they were shipbrokers. The services of the plaintiffs consisted of conversations about the ship with persons whom they thought likely to become purchasers, interviews with the defendant, and calls with him upon several persons for the purpose of effecting sale, and generally such influence as they could exert as shipbrokers. Among the persons to whom the plaintiffs so intro-

duced the defendant, was Benjamin Stone, who ultimately became the purchaser for the sum of $100,000. The plaintiffs first introduced and brought together the defendant and the ultimate purchaser, and produced one interview between them, but the negotiations for a sale were at that time unsuccessful, and, without notice to the plaintiffs of any revocation of their employment, the defendant, some days afterwards, sold the ship to Stone through another broker, to whom the defendant thereupon paid commissions. The plaintiffs proved that, according to a general and well established usage of the business in the city of New York, a broker whose services are accepted by the seller, and who introduces the seller to an ultimate buyer, and brings them into negotiation, is entitled to a commission upon the amount for which the vessel is sold, if ultimately purchased by the person so introduced, without reference to the question how far the sale was influenced by such broker, or whether or not the sale was finally effected by a second broker, the first broker being ready to continue his services as they may be required until the sale is completed. It also appeared that the usual commission was two and a half per cent., but that in case of costly vessels special contracts were generally made with reference to the amount of compensation. No evidence was introduced as to any special contract in the present case; but the rate of commission actually charged was one and a quarter per cent. All the evidence of usage was admitted under objection of the defendant.

" The defendant offered to prove that the final purchaser of this ship was first mentioned to the defendant as a purchaser, by others than the plaintiffs; and that the defendant was mentioned by the same persons, other than the plaintiffs, by his authority, as a seller of the ship to the said purchaser, prior to any of the acts of the plaintiffs testified to by them; and that the sale of the ship was effected by said other persons than the plaintiffs. The plaintiffs objected to this as irrelevant and immaterial, and as not admissible under the answer; and the court excluded it.

" The defendant requested the court to rule and hold as follows : ' Evidence is not admissible to show a usage that upon a certain state of facts a shipbroker is entitled to a commission.

Evidence is not admissible to show a usage that a shipbroker is entitled to a commission, who introduces and brings together the owner of a ship and another man for the purpose of effecting a negotiation of sale and purchase of the ship between them, if at the only interview so produced between said parties no sale is effected, but the purchase of the ship declined, although the parties are afterwards brought together again by another shipbroker and a purchase and sale of the ship between them is afterwards completed by this second broker. Where the defendant resides in Boston, and the contract alleged is made in New York City, evidence of a usage in New York to effect the contract alleged to have been made is not admissible, without evidence that the defendant knew the existence of such usage. Evidence is not admissible to show a usage that a shipbroker is entitled to a commission for naming a ship to the purchaser, and introducing the purchaser and seller to each other, if the ship and seller have been already named to such purchaser, and the purchaser has been already named to the seller, by another shipbroker, and if such purchaser did not know the first mentioned broker to be a broker, at the interview between said seller and purchaser, brought about by said first mentioned broker, and if such interview ends in a refusal to purchase the ship, and if the sale is finally arranged and completed through such second mentioned broker.' All of which the court declined to rule and hold.

"But the court, upon the whole case, having found that the plaintiffs, at the implied request and with the assent of the defendant, rendered broker's services in the matter of the sale of the ship, according to the course of business in such matters and the usages of brokers, ruled and held that the plaintiffs were entitled to recover the value of the services so rendered, and that, in fixing the value of such services, evidence of the mode and rate of compensation usually allowed and paid for services of the same kind, at the time and place where the services sued for were rendered, was competent.

"The defendant offered no evidence upon the question of value. The court, upon the evidence, found that the compensation claimed was reasonable for the broker's services rendered, and

ordered judgment for the plaintiffs for this amount, with interest; and the case is now reported, with consent of the parties, if the admission or rejection of evidence, or the refusal of rulings asked, or the rulings actually made, as herein reported, show error, then a new trial to be had, otherwise judgment to stand as ordered."

*W. S. Dexter & W. P. Walley,* for the defendant.

*J. C. Dodge,* for the plaintiffs, in reference to the evidence offered by the defendant and excluded, argued as follows: This evidence was immaterial, so far as the plaintiffs were concerned. It is not pretended that they had knowledge of any prior negotiations. Undoubtedly the conduct of a seller may be such as to render him liable for commissions to several brokers. See *Stillman* v. *Mitchell,* 2 Robertson, 523, and *Morgan* v. *Nason,* 4 E. D. Smith, 636. The plaintiffs rendered, and the defendant accepted, a service for which the law implies an obligation on his part to compensate them. He cannot escape the obligation, by setting up a fact unknown to them, which he knew but did not communicate to them. If the fact itself were material, the concealment of it by him while accepting their services would be a fraud, and he would be estopped to set it up. And further, the answer sets up no defence. It is simply a denial of the allegations of the declaration. These defensive facts, therefore, if otherwise admissible, could not be proved under it. [The argument upon the other points is omitted.]

GRAY, J. To support an action by a broker for commissions, proof that he effected or procured a sale is doubtless necessary, in the absence of evidence of usage, or express or implied contract, or acts of the defendant preventing a completion of the bargain by the broker. *Cook* v. *Welch,* 9 Allen, 350. *Tombs* v. *Alexander,* 101 Mass. 255.

The claim of the brokers for commissions in the present case being founded on usage, it was necessary for them to prove it. *Cook* v. *Welch,* 9 Allen, 350, 352. *Read* v. *Rann,* 10 B. & C. 438. And it was of course competent for the defendant to introduce any evidence which tended to disprove any fact necessary to bring the case within the usage.

The judgment of the superior court in favor of the plaintiffs was based upon the findings of the judge, stated in his report, that "the plaintiffs first introduced and brought together the defendant and the ultimate purchaser, and produced one interview between them," and that "the plaintiffs, at the implied request and with the assent of the defendant, rendered broker's services in the matter of the sale of the ship, according to the course of business in such matters and the usages of brokers."

A usage, such as is stated in the report to have been proved by the plaintiffs, by which the seller of property is held liable to pay a commission to a broker whose services he has accepted, and who has introduced him to and brought him into negotiation with an ultimate buyer, and who is ready to continue his services until a sale is completed, is a reasonable usage. There is nothing unreasonable in allowing a commission to be recovered for such services accepted and rendered, independently of the question whether the sale is finally effected by the same or by another broker.

But one important element in the usage offered to be proved, and in the finding of the court, was that the plaintiffs were the persons who first introduced the parties to each other and brought them into negotiation. The evidence offered by the defendant tended directly to disprove this, by showing that the first introduction of the parties with a view to their assuming the relation of seller and buyer was by other persons than the plaintiffs This evidence upon a material fact necessary to support the plaintiff's claim was therefore admissible under the general denial in the answer, and having been rejected, there must be a

*New trial.*