## HILL *v.* JEBB.

Decided March 19, 1892.

*Real estate broker—Commission.*

A party who employs a broker to sell real estate, reserving the right to make a sale in person, will not be liable for the latter's commission if the latter procures a purchaser without notice that his employer had previously sold the land to another.

APPEAL from *Garland* Circuit Court.

JAMES B. WOOD, Judge.

Hill, a real estate broker, wrote to Jebb for authority to sell certain lots in Hot Springs belonging to the latter. In reply Jebb authorized him, by letter dated February 5, 1887, to sell the property for $30,000, and agreed to pay him a commission of 2 per cent., but added: "Of course the land is subject to sale at any time to others; I cannot give a refusal."

On the 23d of March, 1887, A. B. Gaines telegraphed from Hot Springs to Jebb at Thomasville, Ga., offering $25,000 for the lots, of which $5000 was to be paid in cash. On the same day Jebb telegraphed to Gaines that he would not take less than $26,000. On the next day Gaines telegraphed that he accepted the proposition, requesting deed to be made to him and Hogaboom. On the same day Jebb wrote to Gaines directing him to make the mortgage to secure the deferred payment. On the 25th of March Jebb telegraphed to Gaines: "Sale confirmed. Mortgage to be given to secure balance of purchase money. Have written."

Hill says that on the morning of the 25th of March, 1887, he sold the lots to Johnson and Blaydes for $30,000. On

the 26th he says he gave Johnson permission to consummate the trade by paying over the first payment and drawing up the necessary papers on the following Monday, which was the 28th day of March.  On that day he says the trade was consummated, a cash payment of $5000 was deposited in the bank, and a written contract was drawn up.  Upon this state of facts Hill claimed $600 for his commissions.

The verdict was for the defendant.  The appeal questions the sufficiency of the evidence to sustain the verdict.

*Charles D. Greaves* for appellant.

A real estate broker's claim for compensation cannot be defeated by the owner's change of mind, his refusal to consummate a sale, a change of terms, or a withdrawal of the contract of agency.  See Fitch on R. Est. Ag., 17, 18; 45 Ill., 308; 1 Abb. (N. Y. App.), 189.  The reservation that the land was subject to sale to others is an inherent feature of every contract of employment of a real estate broker. But where the agent is the procuring cause of the sale, he is still entitled to his commission.  Am. & Eng. Enc. Law, vol. 2, 584, and cases cited.

The authority once given at a price fixed without limitation as to time will be presumed to continue for a reasonable time.  Fitch on R. E. Ag., 53.  If the principal interferes and prevents sale, the agent is still entitled to his commission.  43 Cal., 306; 49 Mo., 383; 49 Ind., 275; 31 N. Y., 462; 62 Ill., 216; Fitch, R. E. Ag., 19 and 20; 2 Am. & Eng. Enc. Law. 578, 580.  It was Jebb's duty to notify Hill of his withdrawal of the lands for sale through him.  63 Iowa, 606; 62 Ill., 216.  The agent's authority cannot be revoked after it has been actually exercised by him, or after he has signed on behalf of the principal.  2 Camp., 389; 3 *id.*, 127; 48 N. Y. Sup. Ct., 281.

*U. M. & G. B. Rose* and *G. G. Latta* for appellee.

Jebb expressly reserved the right to make the sale himself, but if he had not done so he would have had that right nevertheless.  This was a special agency, and plaintiff took

subject to a revocation at any time by sale or otherwise. 34 Minn., 98; 24 N. W. Rep., 341; 21 Wis., 302; 94 Am., Dec., 514; 61 N. Y., 415; 49 *id.*, 561; 40 N. W. Rep., 258. There was no evidence that Hill was the *procuring cause* of the sale, or that Hill's advertisement led up to the purchase by Gaines. 54 Pa. St., 394; 93 Am. Dec., 718; 33. Ark., 448; 53 *id.*, 49; 37 Ga., 295; 43 N. W. Rep., 569. See 83 N. Y., 378; 38 Am. Rep., 441; Mechem, Ag., sec.. 969; 57 Cal., 261; 63 Iowa, 606; 17 Pac. Rep., 642.

HEMINGWAY, J. The employment of a broker to sell a tract of land constitutes a special agency, and when a sale is made the only purpose of the agency is accomplished, whether the sale be due to or independent of the acts of the agent. If the proprietor in employing the broker reserves the right to make a sale in person, independently of the broker, this imports a notice to the latter, and an agreement by him, that the proprietor may make a sale without the agency of the broker and thereby terminate it. If the compensation of the broker is dependent upon his consummating a sale, he can ask nothing unless he was the procuring cause of a sale made, or obtained a person ready and willing to purchase upon the terms authorized before the agency terminated by any lawful means. Nor does it matter that, after an independent sale by the proprietor, the broker, without notice thereof, found a purchaser; for his agency had then expired by the terms of its creation, and, as he accepted the terms, he could not complain of the result. Mechem on Agency, sec. 969; *Ahern* v. *Baker*, 34 Minn., 98; *Dole* v. *Sherwood*, 43 N. W. Rep., 569; *Lane* v. *Albright*, 49 Ind., 275; *Dolan* v. *Scanlan*, 57 Cal., 261.

If it be a hardship that a broker who has found a purchaser should lose his commissions, the fact is due to his accepting employment liable to be terminated at any time by a sale made without his agency.

The court properly declared the law, and we find no error in the record prejudicial to the appellant. Affirm.