ELLA DUVAL v. S. S. MOODY.

Decided December 19, 1900.

**Real Estate Broker—Right to Commissions.**

Where a real estate broker whose commissions were dependent on his effecting a sale showed the property to a party, stating the price and introducing him to the owner, but nothing further was then done by either party, and two months afterwards another broker, with whom the owner had subsequently placed the property, effected a sale of it to the same party, and at the same price, the first broker was not entitled to commissions, as he was not the efficient and procuring cause of the sale.

APPEAL from the County Court of Bexar. Tried below before Hon. PETER JONAS.

*Duval West*, for appellant.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by S. S. Moody, the appellee, against the appellant to recover the sum of $500. He alleged in his petition that Mrs. Duval contracted with him to procure for her a purchaser of her homestead property in San Antonio, Texas, and agreed with him that if he procured a purchaser, ready, willing, and able to buy the property, she would pay him for effecting the sale all the money in excess of $6000 that the property should be sold for. That in pursuance of such agreement he afterwards introduced one H. G. Austin to appellant as a purchaser of the property for the sum of $6500, and that thereafter she agreed to and did sell the property to said Austin for said sum, and that plaintiff was the procuring and efficient cause of said sale.

Appellant, defendant below, answered by a general denial, and specially plead that plaintiff was not the procuring and efficient cause of the alleged sale, but that it was effected through the agency and procurement of one Wade Hampton, a real estate broker, and that for effecting said sale she had promised to pay Hampton a commission of 5 per cent on $6500, the price for which he sold the property for her. The case was tried before a jury and the trial resulted in a verdict and judgment in favor of the plaintiff for $500.

The plaintiff, after testifying to the terms of his contract with defendant, as alleged, to effect a sale of her property, testified that he carried Mr. Austin, after pricing it to him at $6500, to see the property, and introduced him to the defendant; that Austin, in looking at the property, observed that the yard was pretty, but that he thought his wife preferred a two-story house, and that she was the one to be suited, and that he would bring her to look at it in the morning. They then left the place, he telling Austin where his office was, and the latter promising him to take his wife up next morning to see the place. He did not see either Austin or his wife afterwards, and did nothing more to effect the sale to him than is stated. Nor did Austin the next day carry his wife to see the property.

Afterwards the property was placed in the hands of Wade Hampton for sale. About two months subsequent to the effort of appellee to sell to Austin, Hampton carried Austin and wife to see the property; and, as appellant's broker, agreed with Austin upon the terms of sale, and had them reduced to writing by the parties. And by Hampton's procurement the appellant sold the property to Austin for the sum of $6500.

It is now the well-settled doctrine that, in the absence of any usage or contract, express or implied, or conduct of the seller preventing the completion of the bargain by the broker, an action by the broker for his commission will not lie until it is shown that he has effected or procured a sale of the property, and it is not enough that the broker has devoted his time, labor, or money in the interest of his employer, as unsuccessful efforts, however meritorious, offer no ground of action, and that where his acts effect no agreement or contract between his employer

and the purchaser, the loss must be his own. In such cases he loses his labor and efforts which he staked upon success, and if there is no contract there is no reward, as his commissions are based upon the contract of sale. Garcilon v. Tibbetts, 84 Me., 148, 24 Atl. Rep., 797; Viaux v. Society, 133 Mass., 1; Loud v. Hall, 106 Mass., 404; Earp v. Cummins, 54 Pa., 394, 93 Am. Dec., 718; Hill v. Jebb, 55 Ark., 574, 18 S. W. Rep., 1047.

The owner of real estate, by the general employment of a real estate agent or broker to effect a sale, does not thereby preclude himself from employing other agents for the same purpose. Cook v. Frost, 116 Ala., 395, 22 So. Rep., 540. And where a principal employs more than one broker, the one who first completes the sale is entitled to the commissions (Glascock v. Vanfleet, 46 Southwestern Reporter, 449), unless the exertions of another broker are the procuring cause of the sale. Brennan v. Roach, 47 Mo. App., 290; Wright v. Brown, 68 Mo. App., 577.

Mr. Austin was not ready or willing to purchase the property upon Mrs. Duval's terms when presented to her by appellee. And as appellee was not the procuring cause of Austin's readiness and willingness to purchase when the sale was effected, Hampton being the efficient and procuring cause, the evidence does not sustain the judgment, and it is reversed and the cause remanded.

*Reversed and remanded.*