OTTO HITZFELDER ET AL. V. CHARLES KOPPELMANN ET AL.

Decided October 15, 1902.

**1.—Slander—Words Actionable Per Se—Pleading—Innuendo.**

A petition, seeking recovery for the use of slanderous words which do not necessarily impute a crime to plaintiff, may show such words to be slanderous per se by alleging that they were intended, and were understood by the hearers, to refer to known circumstances in which they would involve the imputation of a crime, where the language, in connection with the circumstances, is reasonably capable of such construction. ·

**2.—Same.**

The words used of plaintiffs, a husband and wife, "they have used something that they get no children," when alleged to intend a reference to the circumstance that the wife had twice suffered miscarriage, and to have been so understood by the hearers, and to charge the procuring of an abortion, were shown by the pleading to be actionable per se, and demurrer did not lie, though no special damage was alleged.

**3.—Slander—Special Damage.**

An allegation that plaintiff became sick and suffered great bodily pain in consequence of slanderous words spoken of her, is sufficient averment of special damage to sustain a petition for recovery for words not actionable per se.

Appeal from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*F. J. Maier,* for appellants.

*August Altgelt* and *M. E. Guinn,* for appellees.

STREETMAN, ASSOCIATE JUSTICE.—Appellants, who were husband and wife, sued appellees for slander. The lower court sustained exceptions to their pleadings and dismissed the suit.

The pleadings of appellants allege that appellees circulated certain slanderous statements in the German language, "which translated into English are as follows: 'They have used something that they get no children;' also, 'Otto Hitzfelder said that his wife uses something to prevent her from getting children,' meaning thereby that the plaintiffs, who are husband and wife, use some drugs or other means to produce abortions, and use artificial means to prevent bearing the children which would have been the fruit of their marriage. * * * The said slanderous statements were meant by defendants, and the people so understood them, that plaintiffs were guilty of the crime of committing abortions. * * *

"That Lena Hitzfelder had the misfortune on two occasions to have a miscarriage. That the defendants knew this and the neighbors and acquaintances of the plaintiffs knew it, and when defendants circulated the false report, that they use something to prevent her from having children, the people to whom it was spoken understood it to relate to said miscarriages, as well as to other acts, and it did convey such meaning.

"The effect of said slanderous statements was that plaintiffs have been injured in their good name, etc., that they have suffered great mental anguish and grief on account thereof, that plaintiff Lena Hitzfelder became sick and suffered great bodily pain," etc.

The exceptions of appellees were that the statements were not slanderous per se, and that no special damages were alleged.

In order to hold the statements slanderous per se, we must be able to say that they imputed to appellants a crime. The language used does not necessarily carry with it that imputation. It might have meant that defendants used some means to prevent the conception or begetting of children, and if that was the meaning, the language would not be slanderous per se.

But appellants' pleadings, which upon exception must be taken as true, allege that the wife had two miscarriages and that this language referred to these, and was meant and understood as charging that appellants had committed the crime of abortion. If the language used was capable of that construction and was used in that sense, then it was slanderous per se, and proof of special damages was not necessary.

The question for the court to decide in passing upon the exception is whether the language was capable of the meaning alleged.

"If the application or meaning of the words in an alleged libel is ambiguous or the sense in which they were used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine, under all the circumstances, whether they were applied to the plaintiff, and in what sense they were used." Sanderson v. Caldwell, 45 N. Y., 398.

"Before a demurrer can be sustained to a petition counting on an alleged libelous publication, it must appear that the publication is not reasonably capable of a defamatory meaning and can not reasonably be understood in a defamatory sense. If an inspection of the publication convinces the court that no such reasonable construction of the language used could give to it a defamatory sense and meaning, a demurrer should be sustained, otherwise its meaning and interpretation must be left to the jury under proper instruction as to what constitutes libel." Culmer v. Canby, 101 Fed. Rep., 195.

While the language used may have had a meaning which was not slanderous, yet we are not able to say that, taken in connection with the other facts alleged, it might not have had the meaning charged in the pleadings. The exceptions should have been overruled, and the question as to the meaning of the language left to the jury.

If upon a trial it should be found as a fact that the language did not have such meaning as would make it slanderous per se, then it will become necessary to determine whether the averments of the petition allege any special damages. In our opinion, none of the allegations can be held as setting up special damages except one. It is alleged that Lena Hitzfelder became sick and suffered great bodily pain.

There is some conflict of authority upon this question. Townsend, Sland. and Lib., sec. 200. Our Supreme Court, however, in McQueen v. Fulgham (27 Texas, 463), has held that allegations of loss of health and consequent incapacity to attend to business were sufficient averments of special damage. We therefore hold that under this allegation, if it should be found as a fact that the language was not slanderous per se, the question of special damages should be submitted to the jury.

Because the court erred in sustaining said exceptions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*