### CLEGG et al. v. MAYER et al.

(Court of Civil Appeals of Texas. Feb. 8, 1911.)

BROKERS (§ 53*)—SALE OF LAND—PERFORMANCE OF ENGAGEMENT—RIGHT TO COMMISSIONS—PROCURING CAUSE.

In an action by a broker for commissions, plaintiff never having found a purchaser who was either willing or able to buy, and the sale having been made, not to the person to whom plaintiff attempted to sell, but to him and to two others, plaintiff was not the procuring cause of the sale, and was not entitled to commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by Max Mayer and others against T. J. Clegg and others. Judgment for plaintiffs and defendants appeal. Reversed and rendered.

J. J. Neill and C. K. Bell, for appellants.

JENKINS, J. Appellees brought suit to recover of appellants commissions for the

sale of lands. They alleged that they were agents for the sale of appellants' ranch, and that they procured purchasers therefor in the persons of T. D. Word, O. H. Word, and C. R. Word, to whom appellants sold said land. The case was tried before the court without a jury, and judgment was rendered for appellees for 5 per cent. commissions on said sale, amounting to $1,100.40.

The evidence shows that T. J. Clegg in 1905 placed his ranch in the hands of appellees for sale at $3.50 per acre, agreeing to pay them a commission of 5 per cent. in the event of a sale. T. J. Clegg sold said land in 1906 to T. D. Word and his two sons, H. O. and C. R. Word. In 1905 Mayer described the land to H. O. Word and asked him to look at it, pricing the same to him at $3.50 per acre. H. O. Word promised to do so, stating that if it suited him, and that if he could interest his father in the transaction, he would purchase it. He spoke to his father about it, but failed to interest him in the purchase. He did not go to look at the land, for the reason that he was informed by another party that it had no protection, by which was meant that it had no brush or brakes on it for the protection of stock from winter storms. H. O. Word afterwards saw Mayer and told him that the land would not suit him, for the reason that it had no protection. Mayer tried to sell to H. O. Word other lands, but failed to do so. Subsequently T. J. Clegg informed Mayer that the price of said land was $4 per acre. Mayer tried to sell the land to one Clark at this price, and, failing to do so, Clegg informed Mayer that said land was withdrawn from the market, and that, instead of selling it, he had concluded to buy more land and increase the size of his pasture. This action on the part of Clegg appears to have been in good faith, and not for the purpose of avoiding the payment of commissions on a pending sale. No sale was pending at this time.

In July or August, 1906, T. J. Clegg was in the office of appellees when Mayer was trying to sell H. O. Word another tract of land. Mayer stated to Word that if he desired to purchase he had better do so at once, as land was advancing in price; that he could have sold him the Clegg ranch at $3.50 per acre, but that Clegg afterwards raised the price to $4 per acre, and had now taken it off of the market. Clegg corroborated this statement, and agreed with Mayer that lands in that section were advancing in price. H. O. Word replied that the Clegg ranch would not have suited him anyway, as it had no protection. Clegg said that Word was mistaken in this. H. O. Word testified that he had no idea at that time of buying the Clegg ranch, and Clegg testified that at said time he had no idea of selling said ranch. Nothing was ever said

by Mayer to either of the Words subsequent to this about selling this land. Word was neither able nor willing to buy then, or at any other time, unless his father would assist him. Some two weeks before the sale of the land, T. D. Word met T. J. Clegg, whom he had known for many years, and asked him if he wanted to sell his ranch, stating that one of his sons had recently married, and that the other would do so soon, and that he wanted to help them to buy a ranch. Clegg replied that he had taken his land off the market, but if he could sell at once he would be willing to do so at $4 per acre. T. D. Word was then on his way to an eastern county, where he was going after some registered cattle. He asked Clegg if he would leave the proposition open until his return, and Clegg agreed to do so. Upon the return of T. D. Word, some two weeks later, he and his two sons met Clegg and bought the land from him at $4 per acre.

Appellants, under appropriate assignments, present the proposition that the judgment of the court below is not supported by the evidence. In this we concur. The appellees never at any time found a purchaser who was either willing or able to buy. The sale was not made to the party to whom they attempted to sell, but to him and to two others. What was done by appellees in attempting to sell the land to H. O. Word had nothing to do with the purchase of the land by T. D. Word, H. O. Word, and C. R. Word. The acts of appellees were not the efficient cause of said sale. The appellant T. J. Clegg had, in good faith, withdrawn the land from sale by appellees before negotiations for the sale which was made began. For these reasons, appellees are not entitled to commissions on said sale. Duvall v. Moody, 24 Tex. Civ. App. 627, 60 S. W. 269; Brown v. Shelton, 23 S. W. 483; Montgomery v. Biering, 30 S. W. 508; Burch v. Hester et al., 109 S. W. 399; Karr v. Brooks, 129 S. W. 160.

In view of the disposition which we make of this case, it is not necessary to pass on the other assignments of error. The evidence in the case was fully developed on the trial; and, as the same shows no cause of action on the part of appellees, we reverse the judgment of the court below, and here now render judgment for appellants.

Reversed and rendered.