## HALL v. WARE.

(Court of Civil Appeals of Texas. Amarillo. May 11, 1912.)

BROKERS (§ 88*)—COMPENSATION—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action by a real estate broker to recover commissions which he claimed were due him in furthering a sale, evidence *held* insufficient to go to the jury.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121–130; Dec. Dig. § 88.*]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action by W. R. Hall against R. C. Ware. From a judgment for defendant, plaintiff appeals. Affirmed.

L. W. Dalton and Fred Pearce, both of Plainview, for appellant. Randolph & Randolph, of Plainview, for appellee.

HALL, J. Appellant, Hall, filed this suit in the district court of Hale county against appellee, Ware, claiming commissions upon the sale of a certain section of land belonging to appellee, which was sold to one J. C. Wolverton. Appellant insists that he was the procuring cause of the sale. After both plaintiff and defendant had closed in the introduction of their testimony, the court peremptorily instructed the jury to return a verdict for appellee, and from the judgment, based upon a verdict so returned, appellant brings the case before us for review.

There are two assignments of error presented for our consideration, which, when taken with the propositions under said assignments, present the one question as to whether or not the evidence was such that reasonable minds could differ as to the facts established thereby. It is uncontradicted that appellee had listed his said section of land with appellant for sale at $40 an acre, agreeing to pay 5 per cent. commission to appellant for effecting the sale. It is also uncontradicted that appellee had listed the same land with other brokers in the town of Plainview at the same price. Ware had told appellant that he might probably take less than $40 per acre if the consideration was all paid in cash, but, if no more than half cash was paid, he would not take less than $40 per acre. The section of land was afterwards sold to Wolverton, the transfer being negotiated by Perry & Dowden, a real estate firm of Plainview, with whom the land had also been listed. It appears from the uncontradicted evidence that Wolverton had been shown over this section by Perry & Dowden more than a year prior to the time of the sale and long before he had met appellant. He had, however, called upon appellant some days before closing the deal and called for a list of appellant's lands, and

was shown the section in question on the map and was told who owned it. Appellant took Wolverton and his wife out in the country to see the land, and, after looking at it, Wolverton offered appellant $35 all cash, to which appellant replied that he did not have it listed for $35, but stated that appellee would be home in a few days, and he would see him about it. It further appears that he did not see Ware about it, and said nothing more to Wolverton until after Perry & Dowden had succeeded in bringing Wolverton and Ware together, and Ware had been bound up in a written contract for the sale of the land. It further appears without controversy that Ware never agreed at any time with either appellant or Perry & Dowden or Wolverton to take $35 an acre for the land and pay 5 per cent. commissions, but during the negotiations and before Ware learned that appellant had anything whatever to do with the sale of the land he agreed with Perry & Dowden to convey the land to them for a consideration of $35 per acre cash less $500 discount to be retained by Perry & Dowden in lieu of commissions, thus netting Ware over $600 more than he would have received for his land at the rate of $35 per acre, less 5 per cent. commissions. Wolverton testified that appellant never notified him that he could get the land for $35 an acre cash. The record shows that Perry & Dowden took the deed from Ware to themselves, reciting a consideration of $37.50 cash, and the explanation of the transaction is that they had a section which they were endeavoring to sell Wolverton, and they were satisfied he would buy one of the two, so they bought appellee's section themselves, paying $2,000 cash at the time of signing the contract. Appellant insists that this was a fraudulent transaction, perpetrated upon him for the purpose of covering up the real facts. However this may be, as we view the evidence, it does not strengthen appellant's case. The deed might have been made direct to Wolverton, and in our opinion appellant's connection with the matter was not sufficient to warrant him in claiming commissions. We think Perry & Dowden were the procuring cause of the sale, and not appellant. Duval v. Moody, 24 Tex. Civ. App. 627, 60 S. W. 269; Newton v. Conness, 106 S. W. 893; Mueller v. Bell, 117 S. W. 995; Burch v. Hester, 109 S. W. 399; Land Mortgage Bank v. Hargis, 70 S. W. 353. If the issues had been submitted to the jury and their finding had been adverse to appellee, we think it would have been the duty of the trial court to have set aside the verdict under the uncontradicted testimony in the case, and it follows that the court did not err in peremptorily instructing a verdict.

The judgment is affirmed.