**BUSTIN et al. v. MURRAY et al.** (No. 6529.)

(Court of Civil Appeals of Texas. San Antonio. March 23, 1921. Rehearing Denied April 13, 1921.)

**Brokers** ⟨⟩88(3)—**Verdict properly directed against brokers claiming to have procured a sale.**

In suit to recover a commission from the owner of a farm and other brokers with whom he listed it, *held* that the court did not err in directing verdict for defendant owner and the other intervening brokers claiming the commission, because the evidence presented no issue of fact as to who procured the sale.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by C. N. Bustin and others against H. F. Murray and others. From judgment for defendants, plaintiffs appeal. Affirmed.

E. C. Gaines, of Austin, for appellants.

Brooks, Hart & Woodward, of Austin, for appellees.

COBBS, J. The appellant makes this general statement of his case, to wit:

"This was a suit for a real estate agent's commission. H. F. Murray listed his farm with appellants, who were plaintiffs below, and with appellees, who were interveners below. Several weeks later appellees went to the owner with a proposition from C. Wilgot Anderson to purchase, and a contract of sale was entered into, and after the title was examined a deed was made, conveying the property for a cash consideration of $25,740. But before said deed was made, and within a few days after said contract of sale had been made, appellants went to H. F. Murray, the owner, and notified him that the sale was the result of their efforts, and asked him not to pay the commission to appellees, but to pay the same to them. The result was that Murray, while ready and willing to pay the proper agent the commission, decided to withhold the same until they or the courts had determined who was entitled to receive it. Thereupon appellants filed suit for the commission, to which Murray answered by paying the same into the registry of the court to be awarded to the proper party, and praying that he recover all costs, and further reciting that Free & Williams were claiming the commission and asking that they be made parties. Free & Williams, without waiting to be made parties, intervened in the case, and set up their claim, alleging that the property had been listed with them, and that they were the procuring cause of the sale, and issue was thus joined between plaintiffs and interveners as to who was entitled to the commission then in the registry of the court. The case was tried before a jury, and after the evidence had all been introduced the court gave the jury a peremptory charge to return a verdict in favor of defendant Murray, as against all parties, and against plaintiffs and in favor of interveners for the commission in the hands of the clerk."

It will not be necessary to notice assignments as presented, as the court directed the verdict, since it is largely a fact case, and the error, if any, is a fundamental one, which is properly raised in the assignments.

The appellee interveners' second proposition counter to appellants' proposition:

"The uncontradicted evidence shows:

"(1) That H. F. Murray, on or about August 1, 1919, listed his farm with interveners for sale at $165 per acre, and that the agency thereby created was not exclusive;

"(2) That Murray, on or about September 1, 1919, authorized appellants to sell his farm at $170 per acre, and that their agency was not exclusive;

"(3) That each of said sets of brokers, acting independently of each other, made repeated efforts to obtain from C. Wilgot Anderson a proposition to purchase the farm at the price at which they were respectively authorized to sell.

"(4) That interveners did finally succeed in obtaining from C. Wilgot Anderson an unqualified written offer to buy the farm at $165 per acre, all cash, and that they submitted said offer to Murray, and that the sale was in fact made to Anderson in pursuance of said offer.

"(5) That appellants never did obtain from Anderson any proposition to purchase the farm at any price, and that they had nothing whatever to do with the sale that was made, except to unsuccessfully attempt to persuade Anderson to make a proposition of purchase through them.

"(6) There is neither allegation nor proof that Murray violated in any way his duty of neutrality in the premises, or that the Andersons, or either of them, conspired with interveners to submit their proposition to purchase through interveners for the purpose of depriving appellants of the commission. On the contrary, the evidence shows clearly and without contradiction that Murray at all times stood neutral, and that the Andersons submitted their offer through interveners, rather than through appellants, because appellants had a higher price on the property than the price at which interveners were authorized to sell.

"These facts being shown by the uncontradicted evidence, the trial judge was authorized and required to instruct the jury against appellants' claim for the commission, because the evidence presented no issue of facts as to whose efforts were the procuring cause of the sale, and only presented the immaterial issue, whether appellants' efforts did or did not contribute in some degree to the success of intervener's efforts to make the sale."

We copy the proposition and approve it for a statement of the facts, as we have verified same from the record.

Appellant was at no time authorized by appellees Murray to sell the land to any one for any sum for less than $170 per acre. He had the right to sell for that amount and no other. Interveners alone had the right to negotiate the sale for $165, which was closed at that price. There is no evidence that the minds of the seller and appellant met in any

sum per acre less than $170. The proposed purchaser would have purchased from appellant, for the same price perhaps, but appellant had no authority to sell at that. Appellant was not the procuring cause; he was instrumental in making no binding contract. There was no pleading or proof showing any conspiracy on the part of appellee Murray to prevent him from making the sale or defeat him of the commission, but, on the contrary, he pays the money into court for settlement there. Under the facts in this case, the court did not err in directing the verdict. House v. Easley, 147 S. W. 303; Edwards v. Pike, 49 Tex. Civ. App. 30, 107 S. W. 586; Newton v. Conness, 106 S. W. 892; Duval v. Moody, 24 Tex. Civ. App. 627, 60 S. W. 269; Smith v. Fowler, 57 Tex. Civ. App. 356, 122 S. W. 600; notes in 27 L. R. A. (N. S.) 195; Bellis v. Hann & Kendall, 157 S. W. 427.

The appellant has wholly failed to establish any fact that entitles him to the commission. All the brokers were authorized to sell with specific prices to each. The agency was not exclusive. Free & Williams, interveners, were first employed, and from the beginning authorized to sell for $165 per acre, while Bustin and Mosby, appellants, were only authorized to sell at $170, which they failed to accomplish. There is no merit in appellant's contention. He was not the contributing or procuring cause of the sale, nor did he bring the minds of the parties together on the price so that an enforceable contract was made. Interveners did, and closed the deal.

We overrule the assignments and affirm the judgment.

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes