## McFARLAND v. MARTIN. (No. 1557.)

(Court of Civil Appeals of Texas. El Paso. Jan. 17, 1924. Rehearing Denied Feb. 21, 1924.)

1. **Brokers ⬤⟞46—Owner entitled to sell land in absence of exclusive contract of agency.**

In the absence of an exclusive contract of agency, an owner has the right to sell land placed in the hands of an agent for sale himself, or through other agents, and if he does so in good faith, and not for the purpose of defrauding the agent of his commission, he is not liable to the agent for a commission upon a sale subsequently effected.

2. **Appeal and error ⬤⟞927(7)—Evidence viewed most favorable for plaintiff on peremptory instruction for defendant.**

Where a peremptory instruction has been given for defendant, the evidence must be viewed on appeal in its aspect most favorable to plaintiff.

3. **Brokers ⬤⟞46—Agent held not entitled to recover commissions where owner sold to another.**

Where agent, not having exclusive agency for sale of land, did not obtain from purchaser a compliance with owner's condition requiring the posting of a forfeit until owner had closed the sale with another purchaser, he was not entitled to commissions, in absence of bad faith on part of owner in selling to other purchaser.

4. **Brokers ⬤⟞46—Owner's sale of land when agent on verge of closing with purchaser gave no right to commission.**

That owner sold land when agent was upon the verge of closing with another purchaser gave no right to commissions, where prior to

the time that owner sold he did not have a purchaser ready, willing, and able to buy upon the terms at which he had been authorized to sell.

**5. Appeal and error ☞1057(3)—Exclusion of contract of sale between agent and prospective purchaser, if error, held harmless.**

In an action by an agent to recover commissions for the sale of land, the exclusion of a contract of sale between agent and a prospective purchaser, if error, was harmless, where such contract was made after owner had sold the property, and the contract disclosed upon its face that it was upon terms which the agent was not authorized to make.

Error from District Court, Brewster County; C. R. Sutton, Judge.

Action by M. M. McFarland against I. L. Martin, Jr. Judgment for defendant, and plaintiff brings error. Affirmed.

W. F. Robertson and Bailey, Nickels & Bailey, all of Dallas, for plaintiff in error.

W. B. Teagarden, of San Antonio, I. L. Martin, Jr., of Alpine and I. L. Martin, of Uvalde (Goggin, Hunter & Brown, of El Paso, of counsel), for defendant in error.

HIGGINS, J. The plaintiff in error, Mc-Farland, sued defendant in error, Martin, to recover a commission alleged to have been earned by him by the sale of certain land which had been listed for sale with him by Martin. It was alleged by plaintiff that on or about January 21, 1920, he effected a sale to E. L. Propst of Charlotte, N. C., notwithstanding which Martin sold the land to other parties on February 2, 1920.

At the close of plaintiff's evidence, a peremptory charge was given in favor of the defendant in error, who offered no evidence. Judgment was rendered accordingly.

[1] In the absence of an exclusive contract of agency, the owner has the right to sell the land himself or through other agents. If he does so in good faith and not for the purpose of defrauding the agent of his commission, such owner is not liable to the agent for a commission upon a sale effected subsequent to the prior sale. Irwin v. Moore (Tex. Civ. App.) 212 S. W. 710; Edwards v. Pike, 49 Tex. Civ. App. 30, 107 S. W. 586; Duval v. Moody, 24 Tex. Civ. App. 627, 60 S. W. 269.

[2-4] A peremptory instruction having been given against the plaintiff, the evidence must be viewed in its aspect most favorable to him, and, so viewing it, the same is wholly insufficient to show that he had an exclusive agency. On the contrary, all of the evidence tends to show it was not exclusive and that plaintiff so knew. Plaintiff offered in evidence the following telegrams: From McFarland at Dallas, Tex., to Martin at Alpine, Tex., dated February 2, 1920, as follows:

"As previously wired have closed deal for your ranch money will be deposited in Dallas Trust and Savings Bank to-morrow and I will have bank confirm same. My parties arrive here tonight."

From Martin at Alpine, Tex., to McFarland at Dallas, Tex., dated February 2, 1920, as follows:

"Have Fort Worth Bank wire me one thousand dollars to my credit on ranch deal as forfeit subject to good title stop If I do not receive answer by four p. m. will close with other parties."

From McFarland to Martin, dated February 3, 1920, as follows:

"One thousand dollars forfeit deposited to your credit National Bank of Commerce to-day as initial payment on ranch send abstract to bank subject to examination by Chas. M. Sumner agent for E. L. Propst, Charleston. Bank was to confirm to you to-day."

From National Bank of Commerce at Fort Worth to Martin, dated February 3, 1920, as follows:

"Have deposited one thousand dollars your credit account purchase by E. L. Propst your ninety six hundred acre ranch Brewster County subject your placing warranty deed and abstract in our hands ten days and allowing thirty days thereafter for examination copy of contract follows."

The price at which McFarland was authorized to sell is definitely shown by the evidence, but the terms upon which he was authorized to sell is not shown, except as evidenced by these telegrams and other correspondence in the record between them. These clearly and indisputably show that McFarland was not authorized to negotiate a sale to Propst except upon the condition that the latter post a forfeit of $1,000. There is a complete failure to show that any character of agreement for the sale of the land was effected on January 21, 1920, as alleged, and the telegrams quoted show that not until February 3d did McFarland obtain from Propst a compliance with the condition requiring posting of a forfeit, and since Martin on the 2d had closed a sale to another purchaser, McFarland had not earned his commission prior to such sale. He was therefore not entitled to recover. Of course, if there was any evidence of bad faith upon Martin's part in selling to others, the case would be different; but there is neither plea nor evidence in any wise impeaching the bona fides of Martin's action. Neither is it material that at the time Martin sold the plaintiff was upon the verge of closing with Propst. It was essential to his right of recovery for him to show that prior to the time Martin sold he had procured a purchaser ready, willing, and able to buy upon the terms at which he had been authorized to sell. This he failed to do.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5] The foregoing disposes of the assignments relating to the peremptory charge upon the evidence adduced. Another assignment complains of the court's action in excluding from the evidence a contract of sale dated February 3, 1920, between McFarland, as agent for Martin, and Charles M. Sumner, agent for the proposed purchaser Propst. Waiving certain objections urged by defendant in error to the bill of exception, we are of the opinion that the error, if any, in the exclusion of the contract was harmless for the reasons: First, the contract and sale to Propst was made too late; second, the contract upon its face discloses that it was for a sale upon terms which McFarland was not authorized to make. Had it been admitted in evidence, it would have completely deprived plaintiff of any right of recovery because it was at variance in several respects with the terms and conditions upon which he was authorized to sell as disclosed by the record.

Affirmed.