## HUGHEY v. MARTIN et al.  (No. 2285.)

Court of Civil Appeals of Texas.  El Paso.
March 14, 1929.

G. W. Dunaway, of Midland, for appellant.
Paddock, Massingill & Belew, of Fort Worth, and J. M. Caldwell, of Midland, for appellees.

HIGGINS, J. Appellant Hughey sued the appellees, Martin and Livestock Exchange, a corporation, to recover a commission for the sale of an oil and gas lease upon a ranch owned by the Livestock Exchange and by it leased to Martin for oil and gas. As against Martin it was alleged he had agreed with the Livestock Exchange and assumed to pay all commissions due upon the deal.

Upon trial without a jury, judgment was rendered for the defendants, the court finding that Hughey was not the procuring cause of the sale. The assignment directed against this finding is all that need be considered.

There is no material conflict in the evidence upon that issue. In brief it is as follows:

Appellant is in the real estate business at Midland, Tex., handling oil leases and oil royalties. He had a conversation with Leon Goodman and W. B. Elkin, representatives of the Livestock Exchange, "and told them I had a man at Amarillo I thought was interested in it and who more than likely would be able to make a trade with him and they told me to go back with Elkin and see if I couldn't get this deal over."

Hughey and Elkin went to Amarillo, where Hughey introduced Elkin to I. E. Wharton, who was also a broker in oil and gas leases. With reference to what transpired between Wharton and Elkin, appellant testified:

"Prior to this introduction I had had conversation with Mr. Wharton. I had discussed with him something about this deal. Yes, Mr. Elkin and Mr. Wharton had some conversation in my presence. I couldn't repeat the conversation, but they talked about this deal on this drilling contract on this ranch. There was no deal consummated at that time—just talked the matter over."

He further testified:

"As to what Mr. Wharton's business was: He is representing an independent operator in Amarillo, who was drilling wells and operating in the oil business. He and I were to divide the commissions if any deals were made. I had talked to Judge Wharton before on a number of deals; had been in Amarillo before on other deals. Yes, he got one-half and me one-half of the commission; that was the understanding."

Appellant and Elkin returned to Midland.

A short time later one J. L. Hawkins came to Midland and began negotiations with Elkin, which, after some delay, resulted in the lease from the Livestock Exchange to Martin.

Hawkins, it seems, was also an oil and gas lease broker from Amarillo or Oklahoma, and had learned from Wharton of the desire of the Livestock Exchange to lease its land for oil and gas.

Hawkins has been paid a commission for his services in negotiating the lease.

Upon this state of facts it seems to us to be plain the trial court was warranted in finding appellant was not the procuring cause of the lease.

In a few words, the situation was simply this: Three oil and gas lease brokers were trying to lease for the Livestock Exchange its land for oil and gas. Under such circumstances, the broker whose efforts constitute the procuring cause of the lease is the one entitled to the commission. Hawkins is the man who produced the prospective lessee, Martin, and negotiated the lease to him, and is the man entitled to the commission. Walker v. Van Valkenberg (Tex. Civ. App.) 291 S. W. 936; Edwards v. Pike, 49 Tex. Civ. App. 30, 107 S. W. 586; Bellis v. Hann & Kendall (Tex. Civ. App.) 157 S. W. 427; McFarland v. Martin (Tex. Civ. App.) 258 S. W. 879.

The case here presented is altogether different from those where the plaintiff broker has introduced the landowner to a prospective purchaser, and the purchaser and owner thereafter negotiate independent of the broker and agree upon a sale.

There is no evidence in the record of any bad faith on the part of the Livestock Exchange in negotiating through Hawkins.

The record fully sustains the finding of the trial court upon the issue of procuring cause.

Affirmed.