**LYON et al. v. HARMON.**

No. 11820.

Court of Civil Appeals of Texas.
San Antonio.

May 26, 1948.

Rehearing Denied June 23, 1948.

492

Magus F. Smith and Samuel L. Oakleaf, both of McAllen, for appellant.

Walter G. Weaver, of Donna, and J. F. Carl, of Edinburg, for appellee.

MURRAY, Justice.

This suit was instituted by R. B. Harmon against Ethyl Lyon and Winifred Jamison, seeking to recover the sum of $1,100.00 as a real estate broker's commission for his services in producing a purchaser, ready, able and willing to purchase, for the price of $22,000.00, one acre of land, together with the house and other improvements thereon, located on South Jackson Road in Hidalgo County, Texas, belonging to Lyon and Jamison.

The trial began to a jury but at the close of the evidence the trial court granted Harmon's motion for an instructed verdict and accordingly judgment was rendered for Harmon and against Lyon and Jamison in the sum of $1,100.00, from which judgment Lyon and Jamison have prosecuted this appeal.

Lyon and Jamison were the owners of 22.19 acres of citrus groves upon which was a dwelling house and other improvements. This property was located upon South Jackson Road in Hidalgo County. The owners being desirous of selling the same, in December, 1946, listed the property with Mrs. W. P. Patton. Later, on January 13, 1947, they executed the following listing agreement with appellant, R. B. Harmon, to-wit:

"Weslaco, Texas, January 13, 1946. R. B. Harmon

I hereby appoint you as my agent for ———— from date to sell my property described on opposite side hereof for the sum of $30,000 upon which I agree to pay you upon your sale of said property, a commission of 5% of purchase price or any price accepted by me, said commission to be paid out of first payment made on said property unless otherwise agreed in writing. I agree to furnish (complete abstract) or (title policy) to said property and make proper conveyance of same at my own expense.

Signed Lyon & Jamison Owner

Address, Pharr, Teaxs

Phone 893M (McAllen)

(Not exclusive)     (Over)

File No. ————

Owner     Lyon & Jamison

Address     South Jackson Road

Description   5 acres grove and 3 bedroom brick ranch style home—tile floor—tile bath, bath in garage—hot water heaters, water softeners, stationary tubs, underground tile, whites, pinks and early oranges.

Price $30,000."

On January 20, 1947, appellee took Dr. W. J. Maxwell out to see the property and he was well pleased with it, but stated that before buying the property he wanted his wife, who was then in Temple, Texas, to see it. Early in February Mrs. Maxwell, wife of Dr. Maxwell, came to the Valley and placed an advertisement in the newspaper stating she desired to buy a home. Mrs. W. P. Patton saw this advertisement and contacted Mrs. Maxwell. After showing her some other places, ultimately, on February 10, 1947, Mrs. Patton took Mrs. Maxwell to see the Lyon and Jamison place. She refused to purchase the entire 22.19 acres for the sum of $30,000.00, but finally agreed to purchase one acre, together with the dwelling house and other improvements, for $22,000.00. A contract was drawn up on February 11, 1947, and signed by Mrs. Maxwell and Mrs. W. P. Patton. On the morning of February 12, 1947, they carried the contract, together with an earnest money check, out to the owners, who agreed to the sale and also signed the contract. On the evening of February 11, 1947, appellee telephoned one

of the owners and told her that the Maxwells were going to purchase the dwelling, together with one acre of land, for the sum of $22,000.00, and that he would be out the next day with a contract. He was told this would be O. K., but before the time for this appointment, the contract prepared by Mrs. Patton had been signed by the owners. They expressed surprise when Mrs. Patton showed up with the contract, as they were expecting appellee to come out with the contract.

Appellants paid the sum of $1100.00 into the hands of their lawyer, with instructions to pay it to whichever broker was entitled to it. The attorney was not able to reach an understanding with the competing brokers and so R. B. Harmon instituted this suit.

The first question presented is the sufficiency of the listing agreement held by appellee to meet the requirements of Art. 6573a, § 22, Vernon's Ann.Civ.Stats., reading as follows:

"Sec. 22. No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State at the effective date of this Act. Acts 1939, 46th Leg., p. 560."

▇▇▇ Article 6573a is known as "The Real Estate Dealers License Act" and was enacted by the Legislature in 1939. There are not a great many decisions construing the language of Sec. 22, but, as it is the exact language, insofar as a written listing is required, as is found in the statutes of fraud, Art. 3995, Vernon's Ann.Civ.Stats., it occurs to us that cases construing the language there used are applicable here. Dunn v. Slemons, Tex.Civ.App., 165 S.W. 2d 203. The rule is well established under the holding in numerous cases under Art. 3995, that the writing must furnish in itself, or by reference to some other writing, the means or data by which the par-

ticular land to be conveyed can be identified. Osborne v. Moore, 112 Tex. 361, 247 S.W. 498, 499; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703. If the listing here had been of the entire 22.19 acres of land the description might be regarded as sufficient, but it being limited to some undescribed five acres out of the 22.19 acres, it is not sufficiently definite to meet the requirements of the statute. Hereford v. Tilson, Tex.Sup., 200 S.W.2d 985. There is no way of telling whether the five acres should lie south, east, north or west from the house. It might refer to any five acres out of the entire tract, with the one exception, probably, that it would have to include the land where the named improvements stand. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064; Pierce v. Flippen, Tex.Civ.App., 197 S.W. 366.

The listing agreement held by appellee failing to meet the requirements of Art. 6573a, Sec. 22, was insufficient to support his claim for a real estate commission.

It is next contended by appellants that appellee should not have been permitted to recover because he failed to show that he was the procuring cause of the sale.

▇▇▇ Ordinarily where an owner lists his property for sale with a real estate agent and that agent produces a purchaser, ready, able and willing to purchase for the price stated in the listing, or upon terms acceptable to the owner, then the agent is entitled to his commission, even though the owner takes the matter out of the hands of the agent and closes the deal himself. Murchison v. Ballard, Tex.Civ.App., 178 S.W.2d 554. Quite a different rule prevails, however, where an owner lists his property with two or more competing brokers, each understanding that he does not have an exclusive listing of the property. Under such circumstances so long as the owner remains absolutely neutral as between such brokers, he will only be required to pay a commission to the first broker who produces a binding agreement for the purchase of the property by one ready, able and willing to purchase, and it matters not that some other broker may have been the first to introduce the pur-

chaser to the owner. Edwards v. Pike, 49 Tex.Civ.App. 30, 107 S.W. 586; Briden v. Osborne, Tex.Civ.App., 184 S.W.2d 860; Heath v. Elliston, Tex.Civ.App., 145 S.W. 2d 243; Walker v. Van Valkenberg, Tex. Civ.App., 291 S.W. 936; Berry v. Wittenburg, Tex.Civ.App., 145 S.W.2d 673; English v. William George Realty Co., 55 Tex. Civ.App. 137, 117 S.W. 996; Clegg v. Mayer, Tex.Civ.App., 134 S.W. 386; Duval v. Moody, 24 Tex.Civ.App. 627, 60 S. W. 269.

For the reasons above pointed out, the judgment of the trial court will be reversed and judgment here rendered that appellee take nothing and pay all costs of this and the court below.

Reversed and rendered.