## SCHWABE v. KEMP & COLDWELL, Inc. (No. 2322.)

Court of Civil Appeals of Texas. El Paso. Oct. 3, 1929.

Rehearing Denied Oct. 10, 1929.

Knollenberg & Cameron, of El Paso, for appellant.

Kemp & Nagle, of El Paso, for appellee.

WALTHALL, J. Kemp & Coldwell, appellee, a corporation, brought this suit against appellant, Sig N. Schwabe, as independent executor of the estate of B. Cortiana, deceased, for a commission and interest thereon, alleged to be due appellee on a sale of real estate, property of said estate, described in the petition. Appellee, at the several times mentioned, was engaged in selling real estate for commission, in El Paso, Tex.; at said times Sig N. Schwabe was independent executor of said estate. Briefly stated, appellee alleges that, in the summer of 1927, appellant, as such representative of said estate, advised J. Page Kemp of Kemp & Coldwell that he wished to sell said real estate, and listed said property with appellee at the sale sum of $40,000, payable $8,000 or $10,000 cash and the balance of the purchase price on terms; that appellant agreed to pay appellee as commission 5 per cent. of the sale price; that thereupon said J. Page Kemp, for appellee, proceeded to offer said property for sale and to find a purchaser for same; that he showed the said property to Jim Jabalie who became interested in the purchase of said property and made offers of $35,000 and $36,000 for said property, which offers appellant did not accept, but in person went with said Kemp to see said Jabalie and in person talked the matter of said sale with said Jabalie, but that said Jabalie did not at that time raise his offer for said property; that said Kemp continued his efforts to sell said property until notified by Schwabe that he had taken said property off the market and was going to put a loan on said property; that in October, 1927, Schwabe notified said Kemp that he had sold the property to one Benjamin S. Armijo, but that in fact Armijo was an intermediary, and Jabalie was the real purchaser; that the purchase price at which the property was

sold was $40,000, of which $8,000 was paid in cash and the balance on time payments. It is alleged that appellee was the procuring cause of said sale and produced a purchaser in the person of Jim Jabalie who was willing, able, and who did in fact purchase said property on terms satisfactory to Schwabe, and at the price and on terms at which same was listed to appellee. Appellee alleges other facts which we omit to state just here.

Appellant pleaded a general denial. Briefly stated, on special issues submitted, the jury found:

(1) It was agreed between Kemp & Coldwell and Sig N. Schwabe, as executor of the Cortiana estate, that, in the event said Kemp & Coldwell obtained a purchaser of said property for the sum of $40,000, eight or ten thousand dollars cash, the balance on reasonable terms, Schwabe as executor would pay a commission of 5 per cent. on the purchase price.

(2) Benjamin E. Armijo purchased said property at the instance and for the use of Jim Jabalie.

(3) Kemp & Coldwell was the procuring cause of the sale of said property to Armijo for the use and benefit of Jabalie.

(4) Bernard Schuster was not the procuring cause of the sale of said property to Armijo.

(5) Schwabe did not know at any time prior to the sale of said property that Armijo was buying it for Jim Jabalie.

On special issue submitted by appellant, the jury found Jabalie and Schwabe did not conspire together in the sale to Armijo to defeat appellee out of the commission for selling said property.

On the special findings the court entered judgment in favor of Kemp & Coldwell against Sig N. Schwabe as independent executor of the estate of B. Cortiana, deceased, in the sum of $2,000, with legal interest thereon from the date of the sale to Armijo.

## Opinion.

Appellant submits the evidence shows that appellee had no exclusive listing of the property; that the landowner may list his property with more than one agent and has the right to consummate the sale with the agent who first brings to him the acceptable proposition, so long as he acts impartially between agents, and would not be liable for a commission to another agent who may have been instrumental only in getting the purchaser in the mental attitude of buying at the owner's price.

If we understand appellant's contention, it is, in effect, that, when there is no exclusive listing of property for sale, the first agent who brings to the seller an acceptable contract of sale and purchase, such agent has earned and is entitled to the commission, as against another agent with whom the property has been listed for sale, and has found a purchaser who is willing, able, and ready to buy, and has gotten such purchaser in the mental attitude of buying, but has done no more than finding such purchaser and getting him in the mental attitude to buy (that is, has not presented such purchaser to the seller with a proposition to buy on acceptable terms), such agent has not earned and is not entitled to the commission.

The agent, referred to in the proposition, other than Kemp & Coldwell, we take it to be Bernard Schuster, as appellee refers to him as having shown the property to Armijo, and advised Schwabe as to what he had done, and to look out for Armijo, and that what he had done resulted in the sale to Armijo.

The jury found, however, that Schuster was not the procuring cause of the sale to Armijo, and that Armijo bought at the instance of and for Jim Jabalie. It cannot be said, under the jury's findings, or under the overwhelming evidence, that Schuster or any agent other than Kemp & Coldwell brought to Schwabe the first binding contract. Had Schuster made the sale to either Armijo or Jabalie, a materially different condition in the facts would arise, and appellant's proposition would have some foundation in the facts and in the law, as announced in Edwards v. Pike, 49 Tex. Civ. App. 30, 107 S. W. 586, referred to by appellant, and cases similarly holding.

The jury's findings are abundantly sustained by the evidence. The evidence clearly shows that Armijo and Jabalie purposely concealed from Schwabe the fact that Jabalie was the purchaser of the property. The jury found that Schwabe did not know at any time prior to the sale that Armijo was buying for Jabalie.

■ The want of knowledge on the part of Schwabe that Armijo was buying for Jabalie would not, we think, of itself defeat Kemp & Coldwell of their right to the commission, if otherwise entitled to it.

■■ The court refused to submit the following special charge requested by appellant: "Do you find from the evidence that the plaintiffs abandoned their negotiations for the sale of the land mentioned in the plaintiff's pleadings prior to August 17th, 1927? Answer yes or no."

■ If the doctrine of abandonment has any application at all to the question of appellant's liability, which we do not decide, we have not found evidence in the record which required the submission of the issue of an abandonment of appellee's negotiations to sell said property. The evidence shows without controversy that appellee found and interested Jabalie in the purchase of the property, and for him submitted two offers of purchase. The evidence as to the time during which that negotiation was pending is not definitely fixed, but apparently during July or August, 1927. In the meantime, in the late summer of that year, appellee was working on other prospective purchasers, took others to see and talk with Schwabe, and submitted another offer. Mr. Kemp testified that Schwabe told

him not to try to sell it any longer, that he was going to place a loan at 6½ per cent. on the property, and not to try to sell it any more. That was in the late summer of 1927. Colbert Coldwell testified substantially as did Kemp, and then said: "We did not submit any offer after that. Mr. Kemp did not submit any offer after Mr. Schwabe told us to take it off the market. Mr. Kemp was handling the deal." Schwabe testified: "I do not remember ever telling him (Kemp) that it was off the market. I never told him that I was going to place a loan on the property and that it was not for sale. I never took the property off the market for $40,000.00." He also denied having told Colbert Coldwell substantially the same thing. The burden was on appellant to show abandonment when sought to be used as a defense to an action. To show abandonment of any further effort on the part of appellee to sell there must be a clear, unequivocal, and decisive act and intention to make no further effort to do so. Where time within which the sale must have been effected was not a part of the contract, intent to abandon can hardly be presumed from lapse of time. Here Jabalie, the real purchaser, after his two offers to buy had been refused, acted secretly in his efforts to buy, as far as both Schwabe and Kemp & Coldwell are concerned, and effected a sale to himself early in October, 1927. While abandonment is an issue of fact, we have concluded the court was not in error in not submitting the issue to the jury.

We have considered the other propositions, and have concluded that no reversible error is shown, and overrule them.

The case is affirmed.

### On Motion for Rehearing.

■ Appellant, in his motion for a new trial, insists that appellant had the right and it was his duty to pay the commission to Schuster, "the agent who caused" the first acceptable offer to be made to him; that it was error not to sustain appellant's motions for judgment at the close of the evidence, and, after the verdict was rendered, and bases his contention on his statement that in this case the evidence does not show an exclusive listing of the property with appellee, but does show a listing with other agents; and that the evidence shows that Schwabe acted impartially as between agents.

In view of the evidence, it certainly would have been error to have granted appellant's motion for judgment, or to have rendered judgment for Schwabe thereafter in view of the jury's finding that Schuster was not the procuring cause of the sale of the property to Armijo, to whom Schwabe made the deed.

■ We said in the opinion: "Had Schuster made the sale to either Armijo or Jabalie, a materially different condition in the facts would arise, and appellant's proposition would have some foundation in the facts and in the law, as announced in Edwards v. Pike, 49 Tex. Civ. App. 30, 107 S. W. 586, referred to by appellant." We think appellant has either overlooked that statement in the opinion, or has failed to appreciate its significance. If Schuster was not instrumental in effecting the sale to either Armijo or Jabalie, it would be wholly immaterial that the property was listed with him, or any other agent, or that Schwabe acted impartially between the agents. If Schuster did not sell the property and no agent other than Kemp & Coldwell did, appellant's first two propositions become abstract, having no facts upon which to base his propositions. It is not contended that Schwabe made the sale himself, or that a commission was not due to the agent who made the sale. The court having submitted the case on special issues, and the jury having found that Kemp & Coldwell was the procuring cause of the sale to Armijo for the use and benefit of Jabalie, the court was then without authority to render judgment for Schwabe; the limit of the court's power under such circumstances being to set aside the verdict and grant a new trial. Heimer v. Yates (Tex. Com. App.) 210 S. W. 680. Again, if Jabalie was the real purchaser, and Armijo was not, but was only representing Jabalie in the purchase, and acting only at the suggestion and direction of Jabalie in buying, which the evidence shows and the jury found, Schuster not claiming to have sold to Jabalie, was in no wise instrumental in effecting the sale, and not entitled to a commission. Jabalie, in buying, had the right to take the title in whomsoever he pleased, and, in taking the title in Armijo, did not have the effect to defeat appellees of the commission.

We need not discuss other parts of the motion.

The motion is overruled.