## HIGDON v. CHANNELL.

### No. 3625.

Court of Civil Appeals of Texas. El Paso.
Sept. 30, 1937.

Rehearing Denied Oct. 21, 1937.

McBroom & Clayton, of El Paso, for plaintiff in error.

Fred C. Knollenberg, of El Paso, for defendant in error.

WALTHALL, Justice.

This is a suit for commissions in the sale of real estate. We will designate the parties as appellant and appellee. Appellant J. H. Higdon brought this suit in the El Paso county court at law against appellee R. J. Channell, alleging employment by Channell, by express agreement and in the alternative implied, to sell certain real estate described in the petition, for a certain price and on specified terms; that any offer obtained by him should be submitted to Channell, and that if he, Higdon, procured a purchaser on terms satisfactory to Channell, in that event Channell should pay him a commission of 5 per cent. on the gross amount of the sale price, the customary commission; that the price and terms of sale offered by appellee was $9,500, $3,000 cash and the balance in notes payable over a period of years; that as a result of appellant's efforts he secured a purchaser in one Chanan Singh, who agreed to purchase said farm and who did enter into a written contract with appellee to purchase same for a total consideration of $9,500, of which $2,500 was to be paid in cash, and which terms of sale were satisfactory to appellee; that a sale of said property was made between appellee and Chanan Singh on said terms and a deed delivered to the purchaser.

Appellant alleges that he was the efficient and procuring cause of said sale, and sues for a commission of $475, interest and costs of suit.

Appellee answered by general denial, and by special denial alleges, stating the time, that James C. White, also a real estate broker, procured a purchaser of said property who was ready, able, and willing to purchase said property for the consideration of $9,500, of which $2,500 was cash and the balance on terms satisfactory to the seller, and that "without any knowledge that plaintiff (appellant) had ever dealt with said buyer," signed a contract to sell said land to said buyer and to pay said James C. White a commission for making such sale, and that appellee did not know until several days after signing said contract of sale that appellant claimed to have discussed said sale with the buyer or that appellant claimed any commission.

Appellant by supplemental petition denied appellee's want of knowledge of his claim to a commission until after the signing of said contract of sale.

Opinion.

On the only two issues submitted to the jury or requested to be submitted the jury found that appellant Higdon was the procuring cause of the sale of the land in question to the buyer Chanan Singh, and that James C. White was not the procuring cause of such sale to Chanan Singh.

. The court overruled appellant's motion for judgment, and sustained appellee's motion for judgment, appellee's motion reciting that appellant was not the sole procuring cause of the sale; that the efforts of James C. White was an intervening cause which actually brought about the sale; that the evidence failed to . establish as to appellant any contract of sale on the prescribed terms of sale.

The court overruled appellant's motion to set aside the judgment and to render judgment for appellant on the jury's verdict, and in the alternative for a new trial, on the ground that the jury had found in appellant's favor the only issuable fact submitted or to be submitted on the trial.

On appellant's motion the court filed findings of fact and conclusions of law as follows:

"I find:

"1. That there was an implied agreement between the plaintiff Higdon and the defendant Channell, that Higdon should have a real estate listing of the property

in question, and that the defendant Channell acquiesced in the efforts that Higdon made to find a purchaser for said property.

"2. That there was no exclusive listing of the property in question to the said Higdon, and that there was an open listing of said property.

"3. That after the plaintiff Higdon had expended considerable efforts and time and some money for advertising, in an effort to secure a purchaser for the property in question, that he contacted one Chanan Singh and showed to the said Chanan Singh the property in question, and that the said Higdon was the first agent to show the property to Chanan Singh.

"4. That the said Higdon during his negotiations with the said Chanan Singh never secured from Chanan Singh an agreement to pay the price of $9500.00 fixed by the defendant Channell for the property in question.

"5. That the said Higdon never abandoned his efforts to make the sale on the price agreed upon, namely $9500.00 to Chanan Singh, but that Chanan Singh, after his negotiations with the plaintiff Higdon, and while the plaintiff Higdon was still endeavoring to sell the property to Chanan Singh, abandoned the plaintiff Higdon and his efforts and secured the services of James C. White, another real estate agent, who likewise had a listing of said property, to close the deal.

"6. That the plaintiff Higdon did not have notice of the intervention of the said James C. White in the transaction until the deal had been closed.

"7. That at the time the defendant Channell paid the commission involved to the said James C. White, he had full knowledge of the claim to the commission being made by the plaintiff Higdon.

"8. That during the negotiations between the plaintiff Higdon and Chanan Singh, Higdon advised the defendant Channell that he was dealing with a Hindu on the Dr. Weeks farm by the name of Singh, but at the time of the consummation of the sale of the property in question to Chanan Singh, the defendant Channell did not know that he was the Hindu to whom he had showed the property.

"Conclusions of Law.

"Basing my conclusions only upon the issues of fact above found, I conclude under the law as announced in Edwards v. Pike, 107 S.W. 586 and supporting cases, that the plaintiff Higdon could not in law have been the procuring cause of the sale entitling him to the commission and that the Court should have instructed a verdict for the defendant without submission of any issue to the jury."

Appellant submits four propositions to the effect:

First. The jury having found the facts in appellant's favor, on sufficient evidence he was entitled to judgment, though the final negotiations in the sale were conducted and consummated through another broker.

Second. On the issue of abandonment of a transaction by appellant or the purchaser the burden of the issue was on appellee.

Third. It is immaterial to appellant's right of recovery that appellee had no knowledge at the time of the consummation of the transaction and prior to the payment of the commission to White, a competing broker, that the purchaser with whom he was dealing was found by appellant.

Fourth. In appellant's suit for commission where the defense is that another broker (White) had finally consummated the sale (to the same purchaser), on the jury's findings in favor of appellant, the court cannot render judgment for appellee.

We have considered all the propositions and have concluded that the third is the only one that we need to discuss.

The trial court found there was no exclusive listing of the property with appellant, that there was an open listing of the property for sale, and that James C. White also had a listing of the property; that while appellant was the first to contact the purchaser Singh and showed him the property, and that while appellant never abandoned his efforts to make the sale to Singh on the listed price, Singh secured the services of White. The record shows that White closed the deal with Singh on the terms listed to both brokers.

Appellant excepted to certain portions of the trial court's fifth and eighth findings of fact holding that Singh abandoned Higdon and his efforts to sell him the property, and secured the services of White as in the fifth finding, and in the eighth, that appellee did not know Singh was the Hindu to whom Higdon had showed the property.

The court states that he based his conclusions on the case of Edwards v. Pike, 49 Tex.Civ.App. 30, 107 S.W. 586, and the cases there referred to.

Without quoting the evidence we think it sustains the material portions of the trial court's findings to which the objections are made. Higdon and White each had a listing of the property; the terms upon which the property was offered for sale were the same to each broker, and the sale was finally consummated by White upon the terms submitted to each broker. There is no suggestion in the record that the owner in any way interfered with or favored either broker; he simply closed the deal to broker White who brought the first offer to the seller on the terms given to each. Higdon at no time had an offer for the property on the terms submitted by the owner. In the case of Edwards v. Pike et al., 49 Tex.Civ.App. 30, 107 S.W. 586, 588, above referred to, and sufficiently similar in its facts to this case to make the rule of decision there stated applicable here, Judge Willson, after stating the general rule to be that a real estate agent having a contract authorizing him to effect a sale is entitled to the commissions agreed upon where he procures a buyer who consummates the purchase of the property on terms satisfactory to the owner, for when it is shown that the agent was instrumental in bringing the buyer and seller together, the fact that the agent was the procuring cause of the sale afterwards consummated is sufficiently established. Judge Willson then further said: "But, when each of two or more brokers within the knowledge of the other has a contract authorizing him to effect a sale of the same property, the fact that one was instrumental in bringing the parties together fairly cannot be made the test of the liability of the owner of the property for commissions claimed. The owner has the right to authorize more than one broker, each independently of the other, to effect a sale of his property; and, so long as he remains neutral, he ought to be permitted without incurring liability for commissions to more than one of them to consummate the sale of the property through the one who first produces a person ready to buy it, whether the agent producing the purchaser is the one who first brought him and the buyer together or not."

The court then proceeds to apply the facts to the above-announced principle, holding that the seller was liable for commissions only to the broker who actually consummated the sale.

In Walker v. Van Valkenberg, 291 S.W. 936, Judge McClendon, of the Austin Court of Civil Appeals, refers with approval to the decision in Edwards v. Pike, supra, and cites a number of other cases in which the case has been cited with approval; the cited cases are Keener v. Cleveland (Tex.Com.App.) 250 S.W. 151; Bellis v. Hann & Kendall (Tex.Civ. App.) 157 S.W. 427; Brown v. Odneal (Tex.Civ.App.) 239 S.W. 350; McFarland v. Martin (Tex.Civ.App.) 258 S.W. 879.

Appellant refers us to the case of Schwabe v. Kemp & Coldwell, Inc. (Tex. Civ.App.) 20 S.W.(2d) 273, and in several propositions insists that what is there said has application to and is the law of this case. We need only to refer to the jury findings in that case, and in which it is said that had Schuster, the agent, made the sale, a materially different condition in the facts and law would arise and would have some foundation in the facts and law announced in Edwards v. Pike, supra. We think we need not review the case further.

We have concluded that the well-established principle in the sale of real estate applies to the facts found by the trial court that, "Where property is placed for sale with two or more brokers, the owner, provided he remains neutral towards the several brokers, is liable for commissions only to the one who first completes a sale, or, if the owner has not delegated authority to conclude the transaction to the one who first produces a customer, able, ready and willing to purchase the property on the terms agreeable to the owner." Ann. Cas.1916B, p. 978, note.

The judgment of the trial court was for appellee that appellant take nothing, and recites that it was entered on a motion of appellee for judgment non obstante veredicto.

All propositions not discussed have been considered and are overruled.

The case is affirmed.

HIGGINS, J., did not sit in this case.

### On Rehearing.

WALTHALL, Justice.

Counsel for plaintiff in error asks that we distinguish this case from our holding in Schwabe v. Kemp & Coldwell, Inc., 20 S.W.(2d) 273.

258

The differences are marked. In each case the jury found that the plaintiff was the procuring cause of the sale. In the cited case the finding was justified by the evidence which was that the plaintiff, after being authorized by defendant to sell for $40,000, showed the property to Jabalie, the ultimate purchaser, and introduced Jabalie to defendant. Jabalie offered $36,000. According to Messrs. Kemp and Coldwell, they continued their efforts to sell until the owner told them he was taking the property off the market, a short time after which the property was conveyed by defendant to a grantee who was being used by Jabalie to receive the title. The only brokers who negotiated with the purchaser were plaintiffs. He came to the seller's terms, but attempted to conceal the real transaction from both plaintiff and defendant by using a "dummy" purchaser. Since he was shown the property by plaintiff and by no one else, was introduced by plaintiff to defendant as a prospective purchaser, and finally, without persuasion from any one else, bought at the listed price, and since the officers of plaintiff testified they desisted from their negotiations only because told to do so by defendant, we held the evidence was sufficient.

In the instant case, however, Mr. Higdon testified that he never got the purchaser to offer the list price. His best offer was $9,000; that though defendant in error promised to consider this offer he never at any time agreed to accept it. Higdon, after receiving this offer from the purchaser, whom he had never introduced to Channell, sought to secure the Will Owens place for the purchaser; the purchaser saying, according to Mr. Higdon, that if he could not get the Will Owens place he would consider offering $9,500 for Channell's place. In the meantime, Mr. White, another broker with whom the property was listed, and so far as the record discloses, without knowledge of Mr. Higdon's connection with the transaction, induced the purchaser to take the property at the listed price. The evidence as to Mr. White's efforts and the results thereof were undisputed, as was the evidence of Mr. Higdon's efforts. Under Mr. Higdon's own testimony he did not make the sale because he did not get an offer of the price demanded by the owner, and the finding of the jury, therefore, was without support in the evidence. Higdon did not produce a purchaser ready, able, and willing to buy on seller's terms before White closed the deal on such terms.

There is no conflict between our decision in this case and that in Schwabe v. Kemp & Coldwell, Inc., supra.

The motion for rehearing is overruled.