**BERRY v. WITTENBURG.**

No. 8984.

Court of Civil Appeals of Texas. Austin.

Nov. 20, 1940.

Walker & Hammett, of Lampasas, for appellant.

Anderson & Gilliam, of Goldthwaite, for appellee.

BAUGH, Justice.

Berry, a real estate broker, sued Wittenburg for a broker's commission on the sale of 687 acres of land in Mills County at $15 per acre to E. J. Ward. Trial was to the court without a jury and judgment rendered that Berry take nothing; hence this appeal.

Numerous assignments were filed but only two questions are presented: (1) Whether the trial court erred in finding that Conoley and not Berry was the procuring cause of the sale of said land; and (2) Whether certain testimony of Ward was admissible.

The material facts are not controverted. Wittenburg owned the land and had it listed for sale at $16 per acre with several real estate brokers, including Berry, who lived at Lampasas, and Conoley, who lived near Goldthwaite. He also reserved the right to sell it himself. About noon on April 27, 1939, Berry went to the home of E. J. Ward, told him about said land, that Wittenburg wanted $16 per acre for it, described it generally, and asked Ward to

then go with him to inspect it. Ward declined to do so, but stated that he might go look at it some time. That afternoon, upon his return to Lampasas, Berry wrote Wittenburg that he had been to see Ward; that Ward had promised to look at the land; and that he might sell it to Ward. This letter did not reach Wittenburg until the afternoon of April 28th.

Meantime, Conoley who also had the place listed saw Ward in Goldthwaite early in the morning of April 28th, having his car greased or repaired, and induced Ward, while his car work was being done, to go with him to look at a place he had listed for sale. He did not tell Ward what place it was until they arrived there, and Conoley then introduced Ward to Wittenburg. Neither Conoley nor Wittenburg knew at the time that Berry had mentioned the place to Ward, and Ward did not so inform them. Together they inspected the lands, agreed on a sale at $15 an acre, returned to Goldthwaite, entered into a written contract, and Ward deposited $1,000 as earnest money. All of this occurred before noon on April 28th; and not until after the sale was effected did Wittenburg get Berry's letter.

Ward testified that he had sold his ranch in Mills County and desired to purchase a place of about 700 acres for his grandson, and that numerous places had been offered him. That when Berry came to see him on April 27th he was busy preparing to shear his sheep, and had neither the time nor the desire to look at any property. That Berry mentioned the Wittenburg and other places listed with him for sale; that he was not interested at the time and merely told Berry that he might go look at it some time in order to "get rid of him." That he had no intention at the time Berry talked to him of going to look at any of such places. That the fact that Berry had mentioned the Wittenburg place to him did not influence him to go look at it with Conoley. Further, that when he and Conoley left Goldthwaite in the early morning of April 28th, he did not know, nor did Conoley tell him, that they were going to look at the Wittenburg place.

It is not disputed that Conoley, the broker, and Wittenburg, the owner, both acted in good faith in the transaction, and that so far as they were concerned at the time the sale was actually made, neither knew that Berry had ever mentioned the matter to Ward, the purchaser. Under these facts, we think the trial court was clearly authorized to find that Conoley, and not Berry, was the procuring cause of the sale.

The case thus presents in effect but a controversy between two brokers who had the same property listed as to which of them is entitled to a commission for its sale. The owner, when he signed the contract for sale, did not know that Berry had done anything to earn a commission. Neither did Conoley, the agent. It is clear, we think, that regardless of Berry's visit to Ward on April 27th, Conoley actually brought about a sale of the property to Ward. His efforts in bringing the seller and buyer together and closing the transaction were manifestly responsible for the sale of the land. He "had finally brought the negotiations to a close" resulting in the actual sale; and Wittenburg clearly had the right to recognize and accept his services. Where two brokers are involved, it is now settled that the one who negotiated the sale, and whose services constituted the procuring cause thereof, is entitled to the commission, even though another broker had formerly submitted the property to the buyer. Edwards v. Pike, 49 Tex.Civ.App. 30, 107 S.W. 586; Keener v. Cleveland, Tex.Com.App., 250 S.W. 151; Walker v. Van Valkenberg, Tex.Civ.App., 291 S.W. 936; Higdon v. Channel, Tex.Civ.App., 109 S.W.2d 254; 7 Tex.Jur. § 83, p. 480.

The other contention made is that the trial court erred in permitting Ward to testify over objection that the fact that Berry told him the Wittenburg place was for sale did not influence him in going to look at it. This on the ground that such question called for a conclusion of the witness.

The same character of testimony on the same issue here involved was held to be admissible in Brann v. Arbuthnot, Tex.Civ.App., 274 S.W. 660. However, under the uncontroverted facts otherwise established, Berry's information imparted to Ward on April 27th could not have influenced Ward to go with Conoley on the morning of April 28th. It is not controverted that Ward did not know when he left Goldthwaite that he was going to the Wittenburg place and Conoley did not inform him whose place it was until they got there.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.