Chicago, Rock Island & Pacific Railway Company v. C. B. Thompson.

Decided January 27, 1906.

**1.—Notice of Claim for Damages—Art. 3379, Rev. Stats., Construed.**

A stipulation in a contract of employment executed with a railroad company beyond this State to the effect that the employe will give notice within a certain time of any claim for damages resulting from personal injuries received, is a stipulation pertaining to the remedy, and will be enforced by the courts of this State only when shown to be reasonable and not violative of article 3379, Rev. Stats., which provides that a stipulation for notice of that kind for a less period than ninety days shall be void.

**2.—Rule of Company—Habitual Violation—Contributory Negligence—Question of Fact.**

By a printed rule of a railroad company brakemen were forbidden from going between the cars to uncouple them, but the evidence showed that brakemen were under the direction and control of the conductors and that said rule was habitually violated within the knowledge, if not by requirement of the conductors. Held, the violation of the rule did not, *per se,* constitute contributory negligence. This was at best but a circumstance to be considered by the jury in determining such issue.

Appeal from the District Court of Tarrant County.   Tried below before Hon. Irby Dunklin.

*N. H. Lassiter, Robert Harrison* and *J. H. Barwise, Jr.*, for appellant. —The plaintiff contracted in his application for employment if injured while in the service of the company, that he would give notice of any claim for injuries to the general attorney of the defendant at Topeka, Kansas, within thirty days from the date of the injury, so that such claim might be fully and fairly investigated, and agreed that his failure to give notice in the manner and within the time mentioned, should bar him from any suit on account of such injuries.   This agreement was made in consideration of receiving employment by the defendant company, and it is a valid contract and agreement; and the plaintiff's failure to comply therewith is a complete defense to this suit.   The evidence seeking to submit this issue to the jury should have been admitted.   Riddlebarger v. Hartford Co., 7 Wallace, 386-392, L. Ed., Bk. 19, 257; Phoenix Ins. Co. v. Willis, 70 Texas, 15; Healy v. Blake Mfg. Co., 62 N. E. Rep., 270; Hazel v. Railway Co., 82 Iowa, 477 (48 N. W. Rep., 926); Lang v. Railway Co., 126 Fed. Rep., 338; Crosby v. Railway Co., 128 Fed. Rep., 193.

The evidence shows that the plaintiff was guilty of contributory negligence in going between the moving cars to uncouple them, and that this negligence proximately contributed to his injury; and under the law he can not recover damages therefor.   Railway v. Ryan, 69 Texas, 665; Railway v. Fields, 74 S. W. Rep., 931; Morris v. Railway, 108 Fed. Rep., 747; Dawson v. Railway, 114 Fed. Rep., 870; Gilbert v. Railway, 128 Fed. Rep., 531.

*Stewart & Templeton*, for appellee.—The stipulation in question relative to the giving of notice of plaintiff's claim for damages, was in the nature of a rule of limitation fixed by the alleged agreement of the parties, which rule relates merely to the remedy and same does not affect the right or cause of action.   Such stipulation will be governed by the law of the forum; and since it is in violation of the laws of Texas governing such notices, it is void and the trial court did not err in excluding such alleged agreement.   Western U. Tel. Co. v. Lovely, 52 S. W. Rep., 563; Missouri, K. & T. Ry. Co. of Texas v. Godair Commission Co., 87 S. W. Rep., 871; Gulf, C. & S. F. Ry. Co. v. Eddins, 7 Texas Civ. App., 123; Armstrong v. Galveston, H. & S. A. Ry. Co., 92 Texas, 121; Burgess v. Western U. Tel. Co., 92 Texas, 128; Reeves v. Texas & P. Ry. Co., 11 Texas Civ. App., 514; Missouri P. Ry. Co. v. Harris, 67 Texas, 170, and authorities there cited; Rev. Stats., arts. 3378 and 3379; Ryan v. Missouri, K. & T. Ry. Co., 65 Texas, 16; Gray v. Western U. Tel. Co., 64 S. W. Rep., 1065, and authorities there cited; Coughlin v. Railway Co., 142 U. S., 101, L. Ed., Bk. 35, pp. 955 and 956; Gaylord v. Duryea, 69 S. W. Rep., 607; Farmer v. Ethridge, 69 S. W. Rep., 761.

That the laws of another State, in the absence of pleadings and proof to the contrary, will be presumed to be the same as the laws of Texas: National Bank v. Kenny, 98 Texas, 293; Burgess v. Western U. Tel. Co., 92 Texas, 128.

It is only when the minds of all reasonable men must arrive at the same conclusion from a given state of facts that the court is justified in holding as a matter of law that such facts do or do not constitute negligence. In all other cases such issues must be determined by the jury. Gaunce v. Gulf, C. & S. F. Ry. Co., 20 Texas Civ. App., 36; Grand Trunk Ry. Co. v. Ives, 144 U. S., 417, L. Ed., Bk. 36, p. 489; Texas & P. Ry. Co. v. Gentry, 163 U. S., 367, L. Ed., Bk. 41, p. 193.

It was not negligence *per se* for appellee to go between the moving cars to uncouple them, notwithstanding rule 149. Texas Cen. Ry. Co. v. Bender, 75 S. W. Rep., 561; Gulf, C. & S. F. Ry. Co. v. Cornell, 69 S. W. Rep., 981; Missouri, K. & T. Ry. Co. v. Mayfield, 68 S. W. Rep., 809.

It is the duty of a railway company not only to promulgate reasonable rules for the guidance of its employes; but it is also its duty to use reasonable efforts to enforce such rules. The habitual disregard and non-observance of a rule by the employes with knowledge of the company is tantamount to a repeal or abrogation of the rule by the company. Railway Co. v. Yarbro, 74 S. W. Rep., 357; St. Louis S. W. Ry. Co. v. Spivey, 76 S. W. Rep., 750.

Notice to the conductors of defendants' trains of the habitual non-observance of the rule was notice to the companies. East Tenn., etc., Co. v. Wright, 42 S. W. Rep., 1067.

CONNER, Chief Justice.—Appellee, in trying to uncouple a freight car in a slowly moving train, while between the cars, got one of his feet caught in a defective frog of a switch, and being unable to extricate it in time, the foot was so crushed by a wheel as to require its amputation. In this suit instituted to recover damages for the injury stated on the ground of negligence in maintaining the frog, appellee recovered a judgment for $3,500; and the questions assigned as error before us on appeal are substantially: 1st. Whether there was error in excluding proof that appellee contracted with appellant at the time of entering its employment as a brakeman, to give notice of any claim for damages for any injury he might receive within 30 days after its occurrence, and that a failure to give such notice should be a bar to the institution of any suit on account of such injury. 2d. Whether the evidence supports the verdict in appellee's favor on the issue of his alleged contributory negligence in going between the cars to uncouple them.

We conclude that both questions must be decided adversely to appellant's contention. The contract offered was executed at Chickasha, Indian Territory, and contained a stipulation as indicated, but it is well settled in Texas, regardless of the law of the place of the contract, that such stipulations pertain to the remedy and will be enforced by our courts only when shown to be reasonable and not violative of Revised Statutes, article 3379, which provides that a stipulation for notice of the kind in question for a less period than ninety days shall be void. See Armstrong v. Railway Co., 92 Texas, 121; Western U. Tel. Co. v. Lovely, 52 S. W. Rep., 563; Missouri, K. & T. Ry. Co. v. Commission Co., 87 S. W. Rep., 871; Gulf, C. & S. F. Ry. Co. v. Eddins, 7 Texas Civ. App., 123; Burgess v. Western U. Tel. Co., 92 Texas, 128.

On the issue of contributory negligence the proof shows that the

cars in question had been provided with patent uncouplers, but that because of an inability to make the required uncoupling by means of the patented appliances appellee stepped upon the track between the cars and endeavored to accomplish the purpose of withdrawing the coupling pin with his hand. In doing so appellee violated a printed rule of the company and he could have gone over or around the train and have uncoupled the car by means of an uncoupling lever on the other side, or he could have caused the train to stop and have then uncoupled it. But there was abundant evidence tending to show that brakemen were subject to the control and direction of the freight conductors, and that the rule forbidding brakemen to go between cars to uncouple them was habitually violated, within the knowledge, if not by requirement of such conductors. The train was moving slowly, the uncoupling attempted in a manner that appellee's evidence tends to show was usual and even required under similar circumstances, and we think the jury's finding that appellee was without contributory negligence in so doing, is conclusive here. The mere violation of the rule adverted to, does not make it otherwise. This at best was but a circumstance to be considered by the jury together with all other relevant evidence in the determination of the issue. (Texas Cen. Ry. Co. v. Bender, 75 S. W. Rep., 561; Gulf, C. & S. F. Ry. Co. v. Cornell, 69 S. W. Rep., 981; Missouri, K. & T. Ry. Co. v. Mayfield, 68 S. W. Rep., 809.)

In other particulars the verdict and judgment are not assailed, and hence we find that the evidence supports the material allegations of appellee's petition, and order that the judgment be affirmed.

*Affirmed.*

Writ of error granted.
Reversed and remanded.