## LITTLEFIELD v. MAYFIELD.

### No. 2433.

Court of Civil Appeals of Texas. Eastland.

Jan. 14, 1944.

Smith & Smith, of Anson, for appellant. Gray Browne, of Abilene, for appellee.

GRISSOM, Justice.

E. B. Littlefield, Sr., sued C. D. Mayfield on a promissory note for the principal sum of $156. In a verified plea defendant admitted he executed the note and delivered it to plaintiff, but he alleged that the consideration had wholly failed. He then alleged that the consideration for the note was the commission due plaintiff on an exchange of real estate, and that there was no sufficient allegations in plaintiff's petition to entitle him to recover, and that defendant excepted to the petition for that reason. The cause of action asserted by plaintiff is not based on a contract to pay a commission. However, neither this exception nor plaintiff's exceptions to defendant's answer are shown to have been presented to or acted upon by the court, and for that reason will hereafter be ignored. The same thing is true with reference to plaintiff's complaint of the introduction of testimony by defendant.

166

Defendant further answered by a general denial and a denial that there was any consideration for the note. He alleged that the note was executed as an "acknowledgment of a commission due for the trade of real estate." He further alleged "that such real estate had not been listed with plaintiff in writing, as required by Art. 6573a". There is no evidence relative to this allegation. There is no evidence as to whether either plaintiff or defendant was a licensed real estate dealer or salesman. There being neither pleadings nor evidence raising the question, we refrain from any discussion of the Real Estate Dealers License Act, Vernon's Ann.Civ.St. Art. 6573a. It is wholly unnecessary to decide whether or not the principle discussed in the hereinafter cited authorities is applicable to the instant suit. 10 Tex. Jur. 254; 17 C.J.S., Contracts, § 276, p. 663; Oliphant v. Markham, 79 Tex. 543, 547, 15 S.W. 569, 23 Am.St.Rep. 363; Fred Miller Brewing Co. v. Coonrod, Tex.Civ. App., 230 S.W. 1099, writ refused; Morrison v. City of Fort Worth, 138 Tex. 10, 15, 155 S.W.2d 908; Blackwell v. General Motors Acceptance Corp., Tex.Civ.App., 54 S.W.2d 251, 252; De Leon v. Manuel Trevino & Bro., 49 Tex. 88, 92, 30 Am.Rep. 101; Hutchins v. Slemons, Tex.Sup., 174 S.W.2d 487, 490; Gregory v. Roedenbeck, Tex.Sup., 174 S.W.2d 585.

The cause of action asserted by plaintiff is not based on a contract to pay a commission for the sale of real estate. The cause of action asserted is upon a promissory note, admittedly executed and delivered to plaintiff by defendant. If defendant contends, as his evidence implies, that he is not liable on the note because there was a prior or contemporaneous agreement that Littlefield would never enforce payment of the note, such contention is overruled. Such an agreement constitutes no defense and evidence thereof was incompetent. Dolsen v. DeGanahl, 70 Tex. 620, 623, 8 S.W. 321; Fambro v. Keith, 57 Tex.Civ.App. 302, 122 S.W. 40; Chalk v. Daggett, Tex.Com.App., 257 S.W. 228, 231; 6 Tex.Jur. 956; 17 Tex.Jur. 844; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533. Defendant also asserts that the note was without consideration and that it has been paid in full, but defendant's evidence does not support such conclusions. It is evident that one-half of the Stevenson commission is less than the principal of the note sued on. Boiled down

the effect of Mayfield's contention is that he does not owe Littlefield because Littlefield owes him. The only contention of defendant either as a defense or cross-action that finds support in pleading and evidence is that Littlefield told Mayfield that if Mayfield would reduce the price of his land (which Littlefield was trying to exchange for the land of Mr. Stevenson), when Littlefield collected his commission from Stevenson Littlefield would then pay one-half of that commission to Mayfield. In other words, if defendant has a cause of action, it is for one-half the commission collected by Littlefield from Stevenson. Plaintiff's right to recover upon the note is not dependent upon defendant's said cause of action, if any.

The judgment is reversed and judgment is rendered for plaintiff for the principal, interest and attorneys fees due on the note. Defendant's asserted cause of action for one-half of the commission collected by Littlefield from Stevenson is remanded to the trial court.