**THOMPSON v. WILLIAMS.**

No. 10017.

Court of Civil Appeals of Texas. Austin.

Feb. 13, 1952.

Appellee's Rehearing Denied Feb. 27, 1952.

Appellant's Rehearing Denied March 5, 1952.

Jesse J. Bartlett, Alfred M. Scott, Austin, for appellant.

Critz, Kuykendall, Bauknight & Stevenson, Richard Critz, Austin, for appellee.

HUGHES, Justice.

This suit is upon a promissory note made by appellant, C. H. Thompson, and payable to appellee, Travis Williams.

Appellant admitted that the note was executed by him and is, according to its terms, due and payable.

Appellant complains, however, that the Court erred in sustaining appellee's special exceptions to all defenses alleged in his answer and, appellant declining to amend, in rendering judgment for appellee upon the pleadings and appellant's admissions, above stated.

The propriety of the Court's action depends, of course, upon the validity of the defenses pleaded by appellant. We quote from his answer:[1]

"That on or about March 10, 1949, Plaintiff approached this Defendant at Pearsall in Frio County, Texas, representing verbally to Defendant that he, the Plaintiff, was the agent for Apartment Building Corporation, a Texas corporation, domiciled in Austin, Travis County, Texas, and proposed to Defendant as such agent that Defendant should enter into an agreement whereby said corporation and this Defendant should exchange certain parcels of real estate, owned by them respectively, upon an even trade basis, the real estate owned by Plaintiff being located in Austin, Travis County, Texas, and that owned by Defendant being located in Pearsall, Frio County, Texas. That before going further with negotiations, looking toward such proposed exchange of lands, this Defendant verbally inquired of Plaintiff as to how much commission, if any, Plaintiff would claim for bringing about such exchange of lands as real estate agent or dealer, and by whom and in what proportions such commissions, if any should be paid. That plaintiff then and there verbally represented and stated to Defendant that it was customary in such even exchanges of land, where no consideration passed other than the conveyances of the two parcels of land, that the commission for the agent should be paid in equal parts by the two exchanging parties, and stipulated and agreed with Defendant, that Defendant would be charged and required to pay only the same amount of commission to Plaintiff as agent that was charged by and paid to Plaintiff by Apartment Building Corporation. Plaintiff stated to Defendant that such would be the arrangement for determining commission due Plaintiff by Defendant in the particular exchange, if effectuated, and thereafter, Defendant informed Plaintiff verbally that such arrangement would be acceptable and agreeable with him."

Thereafter the exchange of properties was made upon an even trade basis and appellee informed appellant that his pro rata part of the broker's commission was $2,125, and that "Apartment Building Corporation had agreed to pay and was paying or would pay to plaintiff as commission in said transaction a like sum of $2,125.00."

Relying upon such statements, which appellant alleged to be false and fraudulently made, appellant paid half of the amount demanded in cash and executed and delivered the note herein sued upon for the other half.

Appellant further alleged: "In truth and in fact, however, after the consummation of such exchange, and after the payment by Defendant of said sum of $1,062.50 to Plaintiff, and after his execution and delivery of the note herein sued upon, Defendant learned for the first time that the true amount of commission paid and to be paid to Plaintiff by Apartment Building Corportion on account of agent's Commissions in such transaction was only the sum of $1,250.00 as its one-half of said commission, which sum was accepted by Plaintiff in full and final settlement of commission due and owing by Apartment Building Corporation in said Transaction."

In the alternative appellant alleged that if Apartment Building Corporation actually agreed to pay a commission of $2,125 and appellee voluntarily reduced this sum to $1,250, then he was entitled to a similar reduction.

Appellant also pleaded in bar of appellee's suit Sec. 22 of art. 6573a, Vernon's Ann.Civ.St., which provides: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or

<hr>

1. Appellee is plaintiff and appellant is defendant.

by some person by him thereto lawfully authorized."

Based upon the fact allegations above set out, appellant pleaded that the note sued on was without consideration or that there was a partial failure of consideration to the extent of $874, leaving his liability on the note in the sum of $188.50, which when added to $1,062.50, the amount previously paid in cash, equals $1,250, the amount of commission paid by the Apartment Corporation.

Appellant's prayer was that the note be cancelled and that he recover the amount of his cash payment and for general relief.

We will dispose first of the contention that this suit is barred by the terms of Section 22, supra, of the Real Estate Dealer's License Act.

■ This section is but an addition to our Statute of Frauds, art. 3995, V. A.C.S., and does not render void or illegal a promise or contract within its terms. It merely establishes a rule of evidence. Hutchings v. Slemons, 1943, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320. Authorities construing the Statutes of Frauds are applicable to the construction of this section, Lyon v. Harmon, Tex.Civ.App., San Antonio 1948, 212 S.W.2d 491.

In Crutchfield v. Donathon, 49 Tex. 691, suit was brought upon a promissory note reading:

"Jacksboro, May 3, 1873.

"Thirty days after date I promise to pay J. W. Donathon, or bearer, two hundred and fifty dollars, with five per cent. interest per month from date until paid, for value received. The consideration of the above note is one-half of a certain town lot in the town of Jacksboro, in lot number four (4) in block number three (3).

"(Signed)      L. L. Crutchfield."

Donathon tendered a deed to the east half of the lot described in the note testifying, over objections, that this was the property sold. Crutchfield defended on the ground that there was no instrument in writing signed by either party or his duly authorized agent evidencing the agreement to sell the east one-half of the lot as required by the Statute of Frauds. The Court stated the questions involved to be:

"1. Was the action brought upon a contract for the sale of lands, signed and evidenced as required by the statute?

"2. Was it shown that the instrument sued on was without consideration?"

Each question was answered in the negative the Court saying:

"The cause of action in this case is a promissory note reciting its consideration; and as the action is brought upon the note, and not upon the contract of sale, it is no valid defense to plead that the sale of the lot in consideration for which the note was given was not evidenced by any writing, as required by the statute. (Gillespie v. Battle, 15 Ala. 276.)

"'The statute of frauds,' says Justice Chilton, 'does not render a contract absolutely void, but voidable merely. It was enacted for the benefit of defendants.' Parsons, in his work on Contracts, says: 'We consider them neither void nor voidable. If they were good at common law, they remain good now for all purposes but that expressly negatived by the statute; that is, no action can be brought upon them, but in other respects they are valid contracts.' (3 Parsons, 5th ed., 57.) Be this as it may, it is evident that to a suit on a note it is no defense to plead that the sale was not evidenced as required by the statute of frauds. Says Justice Chilton: 'The statute, when set up as a defense to an action upon the note, affects the consideration only, and not the contract otherwise." ([McGowen v. West,] 7 Mo. [569] supra; City of Edelin v. Clarkson['s Executors], 3 B.Monr. [Ky.] 31.) But how can it be said that the consideration has failed by reason of the statute of frauds, where, as in this case, the vendor tenders a deed? (Id. [15 Ala.] 283; Browne on Frauds, sec. 122a.) If, as claimed by appellees in their brief, but which does not otherwise appear in the record, Crutchfield received and held possession of the lot, it would be still more evident that the consideration had not failed. (Browne on Frauds, secs. 471, 121.)

"Our conclusion is, that this action was not brought upon a contract for the sale

of lands, but upon a promissory note given for the purchase-money of land; that it was not shown by the evidence that the consideration of the note had failed; and that the plaintiff was entitled to his judgment on his note, and a foreclosure of the lien evidenced by the note.

"The parole evidence admitted did not vary or contradict the recitals of the note, and was clearly admissible. The objection was based on the idea that the note was a memorandum of a contract of sale of land under the statute."

To the same effect is Spivey v. Hooks, Tex.Civ.App., Beaumont 1919, 216 S.W. 486; Wilkinson v. Sweet, Tex.Civ.App., Austin 1906, 93 S.W. 702, writ denied. See also Littlefield v. Mayfield, Tex.Civ.App., Eastland 1944, 178 S.W.2d 165.

 Since appellee had fully performed his verbal agreement to bring about an exchange of the properties we hold, under the above authorities, that the note in suit was based upon a valid consideration and that its enforcement was not precluded by Section 22, supra.

Coming now to appellant's pleadings and appellee's exceptions thereto, we find that the general import of the exceptions is that the allegations of the petition are insufficient to constitute actionable fraud and that they merely reflect an attempt to vary the terms of the note by parol.

Our construction of the pleaded agreement between the parties is (1) that appellant agreed to pay, as a commission, the same amount charged the Apartment Corporation, or (2) that whatever commission was charged by appellee would be equally divided between appellant and the Apartment Corporation.

Of course, if the first agreement was made, then it is the extent of appellant's liability and if the note in suit was executed in reliance on appellee's factual misstatement as to the amount charged the Apartment Corporation, then a clear case for equitable relief is shown.

2. Partial rescission of an instrument is appropriate if warranted by the equities of the case. 7 Tex.Jur. p. 1011, 12

However, from a careful study of appellant's answer we are inclined to construe his pleading as alleging that whatever commission was charged by appellee would be equally divided between appellant and the Apartment Corporation. If this proves to be the agreement actually made and it appears that the total commission actually charged was $3,375 ($1,250 paid by the corporation and appellant's cash payment of $1,062.50 and note for $1,062.-50) then appellant's liability would be one-half of $3,375 or $1,687.50. Since he has paid $1,062.50 of this amount the remainder due would be $625.[2]

If appellee made material misrepresentations of fact to appellant upon which he relied in executing the note sued on as alleged, then we are of the opinion that actionable fraud is shown and that the parol evidence rule is inapplicable. 20 Tex.Jur. p. 17, 6 Tex.Jur. p. 963, 17 Tex.Jur. p. 836, King v. Wise, Tex.Com.App.1926, 282 S.W. 570; Wilson v. Jones, Tex.Com.App.1932, 45 S.W.2d 572.

We believe the issues should be tried out and the facts determined.

The trial court's judgment is reversed and the cause is remanded.

Reversed and remanded.

C.J.S., Cancellation of Instruments, § 78, page 1080.