**J. D. CASTREJANA, Appellant,**

v.

**B. F. DAVIDSON, Appellee.**

**No. 12521.**

Court of Civil Appeals of Texas, Austin.

April 6, 1977.

Terence A. Willis, Willis & Haley, San Antonio, for appellant.

Albert M. Walker, Jr., Austin, for appellee.

O'QUINN, Justice.

B. F. Davidson, the appellee, brought suit in April of 1975 against J. D. Castrejana on a promissory note in the principal sum of $6,692. Castrejana, now appellant, answered originally that the promissory note was without consideration. Later by amendment Castrejana pleaded in addition that "the written instrument . . . is for the payment of a real estate commission . . . [and] does not comply with the requirements of Section 28 of the Real Estate License Act" that an agreement to pay a commission be in writing, signed by the party charged, and contain a description of the realty sold.

Trial was before the court without a jury in March of 1976, following which the court rendered judgment on April 30, 1976, that Davidson recover from Castrejana principal of the note, with interest and attorney's fees.

Castrejana appealed and brings four points of error, directed in the main to the trial court's failure to compel Davidson to meet the requirements of Section 20(b) of the Real Estate License Act (Art. 6573a, V.A.C.S., as amended, eff. May 19, 1975; Acts 1975, 64th Leg., p. 533, ch. 216, sec. 1).

We will overrule all points of error and affirm judgment of the trial court.

The record shows that Davidson, a licensed real estate broker, handled the sale of a tract of land in Bandera County, owned by the Community Savings and Loan Association of Fredericksburg, by which James C. Miller of San Antonio ultimately acquired such portion of the land as he wished to keep for a home and other tracts were acquired through Miller by different purchasers, of whom Castrejana was one buyer.

Castrejana made a down payment of $5,000, which was not sufficient for Miller to pay the Davidson commission, amounting to more than $6,600. After some negotiating among the parties, Davidson arranged an agreement by which Castrejana would make an open note to Davidson for the amount of the commission, which would avoid necessity of encumbering the Castrejana tract further than to the extent of normal liens between Castrejana and seller. The note provided for maturity in six months, without interest until maturity.

The trial court found that "although no actual money changed hands between . . . Davidson . . . and Castrejana, the note made the basis of this suit was fully supported by consideration being the credit owed by . . . Miller to . . . Davidson by way of a real estate commission. The Court finds that the credit extended . . . Castrejana by . . . Davidson by foregoing the collection of any actual monies at the time of closing from

. . . Miller was a real payment and legally supported by consideration as if actual cash had been paid by . . . Davidson directly to . . . Miller for the benefit of . . . Castrejana."

The court also found: "The evidence further shows that no agreement was ever made by . . . Castrejana to pay . . . Davidson a commission either orally or in writing and but for the Plaintiff [Davidson] furnishing the additional consideration to satisfy the price demanded by the seller, this transaction could not have been consummated."

The trial court " . . . determined that the transaction did not fall within the requirements of the Real Estate Licensing Act and that the considerations sued for did in fact make up the balance of the purchase price for said property which the evidence shows was purchased for a total consideration of $80,500.00."

Castrejana's position on appeal is that " . . . the promissory note does not satisfy the Real Estate License Act, particularly Section 20(b), and therefore recovery cannot be had." In the trial Castrejana identified the promissory note, identified his signature to the note, and admitted he had executed the note offered in evidence in the principal amount on the date shown by the instrument.

His defense at trial and on appeal is that the note does not meet the requirements of Section 20(b) of Article 6573a, V.A.C.S., which provides: "An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it."

An earlier section of this Act was construed in a similar fact situation by this Court in 1952 with the holding that suit on the promissory note could be maintained, and enforcement of the obligation under the note was not precluded by the Real Estate License Act. In *Thompson v. Williams,* 246 S.W.2d 506 (Tex.Civ.App. Austin 1952, writ ref'd n. r. e.), this Court had under consideration Section 22 of the Act (now first grammatical paragraph of Section 28), which sets out the same requirements, in substantially the identical language, found in Section 20(b) of the Act, as relied on by Castrejana. Acts 1949, 51st Leg., p. 304, 315, ch. 149.

In *Thompson,* this Court held that Section 22 of the Act was but an addition to the Statute of Frauds (Arts. 3995, 3995a, V.A. C.S., now Section 26.01, Tex.Bus. & Comm. Code), and within its own terms did not render void or illegal a promise or contract, on authority of an earlier decision by the Supreme Court in *Hutchings v. Slemons,* 141 Tex. 448, 174 S.W.2d 487, 489–90 (1943), 148 A.L.R. 1320.

In the case now being considered the record shows that Davidson, in his capacity as a licensed real estate broker, fully performed his verbal agreement to bring about sale of the tract by Miller to Castrejana and in effect supplied part of the down payment Castrejana needed to buy the land on terms required by Miller and Community Savings and Loan. Suit on the promissory note was based upon a valid consideration, and enforcement is not precluded by Section 20(b) of the Real Estate License Act. Appellant's contention that Davidson should not have been permitted to prove that he was licensed as a real estate broker is without merit and is overruled.

Section 20(b) of the Act merely establishes a rule of evidence and may not be construed to impair the obligation of contracts. *Hutchings v. Slemons, supra; Thompson v. Williams, supra.* In construing this statute, the courts are guided by authorities construing the Statute of Frauds. *Lyon v. Harmon,* 212 S.W.2d 491, 493 (Tex.Civ.App. San Antonio 1948, no writ); *Thompson v. Williams, supra.*

It is settled that the Statute of Frauds was enacted to prevent frauds and may not be employed to bring about the very thing it was designed to prevent, even

in the absence of deliberate intent or purpose so to defraud. *Gardner v. Platt,* 68 S.W.2d 297 (Tex.Civ.App. Austin 1934, writ ref'd); *Baugh v. Baugh,* 224 S.W. 796, 800 (Tex.Civ.App. Austin 1920, no writ); 26 Tex.Jur.2d *Statute of Frauds* § 9, p. 160 et seq. (1961).

Appellant may not invoke Section 20(b) of the Real Estate License Act as protection to the enjoyment of the fruits of his contract with Davidson. *Baugh v. Baugh, supra.*

The judgment of the trial court is in all things affirmed.

Affirmed.